## BUTLER v. RICHARDSON.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. DISCOVERY—EXAMINATION OF DEFENDANT.
    After service of summons in an action by a temporary administrator to recover certain securities alleged to be in the possession of the defendant, the plaintiff procured an order, before serving a complaint and before the defendant appeared, requiring the defendant to submit to an examination, to enable the plaintiff to frame his complaint. It appeared from the affidavits that the defendant, the daughter of the decedent, had had possession of a large portion of the property during his life, and was now in possession of a considerable part thereof, but without attempting to explain how she acquired title she merely claimed that it belonged to herself. *Held*, on motion to vacate the order, that the facts established the necessity of the examination, to show what particular securities belonging to the decedent were in defendant's hands, so that the plaintiff might prepare his complaint.

2. SAME—INCOMPETENCY OF DEFENDANT AS WITNESS.
    In an action by an administrator, the fact that the defendant could not testify on his own behalf as to transactions between himself and the decedent, does not prevent the plaintiff from examining the defendant in respect to those matters. Code Civ. Proc. § 829.

Appeal from special term, New York county.

Action by J. Jaffred Butler, temporary administrator of Joseph Richardson, against Dellarifa G. Richardson. From an order vacating order for examination of defendant before trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julien T. Davies, for appellant.
Howard A. Taylor, for respondent.

INGRAHAM, J. The plaintiff, as temporary administrator of Joseph Richardson, deceased, brought this action to recover from the defendant certain securities which it is alleged the defendant, who was the daughter of the said Joseph Richardson, deceased, has in her

possession, and is appropriating to her own use. After service of a summons, but before the service of the complaint or the appearance of the defendant, the plaintiff obtained from a justice of the supreme court an order requiring the defendant to appear and submit to an examination concerning the matters relevant to the cause of action as described in said affidavit. Upon this order being served upon the defendant, a motion was made on her behalf to vacate this order for her examination. Affidavits were submitted by the plaintiff in opposition to the affidavits upon which the motion was made, and upon a hearing at special term the order for an examination was vacated, and from that order this appeal is taken.

We think the plaintiff was entitled to examine this defendant for the purpose of enabling him to frame his complaint. It appears from these affidavits that the defendant, his daughter, had had possession of a large portion of the property of Joseph Richardson during his lifetime, and she is now in possession of a considerable portion of the property which had, shortly prior to the death of Joseph Richardson, belonged to him, or had been in his possession, or the possession of his agent or broker. It is quite clear that from the position the plaintiff occupies it is impossible that he should have personal knowledge of the estate of the deceased, or what property is now in the possession of the defendant which had belonged to the deceased, and it appears from his affidavit that it has been impossible for him to acquire such knowledge from the investigations that he has been able to make. There is enough to show that the plaintiff has at least a cause of action against the defendant to recover the possession of the property in her hands which belonged to her father in his lifetime, and it is impossible that the plaintiff should properly prepare a complaint until he can ascertain what property the defendant has in her hands. To justify the court in granting this order, it was necessary that an affidavit as prescribed in section 872 of the Code should be presented to a judge of the court in which the action is pending. The affidavit presented complied with this section. The facts amply justified the plaintiff in bringing this action. The defendant, who had access to her father's securities, appears after his death to be in possession of a large amount of them, and when a demand is made upon her by her father's personal representatives she simply alleges that they belong to her, without in any way showing the source of her title, or how she acquired them. The affidavit upon which the order was granted states facts which show that shortly before his death 1,999 shares of stock of the corporation of the Bridgeport Steamship Company were transferred from Joseph Richardson to the defendant. There was also an affidavit of one Charles A. Secor, who swore that statements had been made to him that the deceased, in his lifetime, was accustomed to, and did, purchase stocks and bonds and corporate securities of various kinds, the certificates representing which were taken out and carried in the name of his daughter, the defendant, as well as in the names of other persons, and that the deceased had said that the reason for carrying his securities in this form was that it was easier for him to avoid taxation upon property so carried; and the reason

why no affidavit was made by the person to whom these statements had been made by the deceased was that the person refused to make an affidavit of those facts. The defendant, in her answering affidavit, admits that she is in possession of railroad and other securities and the stock of the Bridgeport Steamship Company, but she simply alleges that such stock and securities are her own individual property, without alleging the source of her title, or in what way she acquired title to such securities. There is here sufficient to show that a cause of action exists in favor of the plaintiff and against the defendant, and also that the testimony of the defendant is material, and necessary for the party making the application, to enable him to prepare his complaint. Such allegations in these affidavits as are upon information and belief are brought within the rule allowing such allegations to be made upon applications of this character, as in each case the source of the information is stated; and the reason why the affidavit is not made by the person from whom the information was derived is also stated. As this application for an examination was made before issue joined, it was incumbent upon the plaintiff to show that the examination was necessary to enable him to prepare his complaint. But we think the facts sworn to upon this application are sufficient to show that the plaintiff was without knowledge as to the particular securities in the possession of the defendant which had belonged to her father, and that it was necessary for him to obtain information upon that point to enable him to frame his complaint. While we are careful to prevent applications of this kind from being abused, and a party making an application for an examination of an adverse party before issue is required to show the necessity of such an examination, and that the application is made in good faith for the purpose of obtaining information necessary to the party making it at the particular stage of the action in which the application is made, the facts shown in this case are such as to make it the duty of the temporary administrator to take proceedings to inquire into the title of this defendant to these securities, and the only method by which the plaintiff can obtain the information necessary to enable him to frame the complaint is by an examination of the defendant. The fact that the defendant could not be examined as to transactions between herself and the deceased on her own behalf is not a reason for vacating this order. The plaintiff proposes to call the defendant on his (plaintiff's) behalf. There is no rule of law which makes the testimony of a party to an action incompetent as to transactions between that party and the deceased when examined on behalf of the representatives of the deceased; and the object sought to be attained by the statute which prohibits a party from being examined as to declarations of the deceased on his own behalf has no application where the examination is sought at the instance of the representatives of the deceased. If the plaintiff desires to call the defendant to examine her as to the source of her title to this property held by her, there is no legal objection to such an examination, and because the law for the protection of estates prohibits a party having a claim against an estate from testifying in his own behalf, if the representatives

of the estate are willing to waive that right to object to such an examination, and call the person making such a claim as a witness on behalf of the estate, it is certainly no reason to refuse to permit such an examination because the witness would not be competent to give testimony as to personal transactions with the deceased on his own behalf.

I think, therefore, that the plaintiff was entitled to an examination of the defendant for the purpose of ascertaining facts necessary to enable him to frame his complaint, and that the order appealed from should be reversed, with $10 costs and disbursements, and motion to vacate the order for an examination of the defendant denied, with $10 costs. All concur.