### WAKEFIELD v. WAKEFIELD.

(City Court of New York, Trial Term. January, 1905.)

ADMINISTRATORS—ACTIONS—WITNESSES—TRANSACTION WITH DECEASED PER-
SON.

Where plaintiff, who was one of the heirs of decedent, sued, as admin-
istrator, to collect money alleged to have been loaned by deceased to de-
fendant, plaintiff was interested in the event, and was prohibited by Code
Civ. Proc. § 829, from testifying as to personal transactions with deceased
for the purpose of proving the loan.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 605,
607.]

Action by George R. Wakefield, as administrator of Mary A. Mc-
Claughry, against Arthur C. Wakefield. On motion by plaintiff for
a new trial after dismissal of the complaint. Denied.

Mayer & Gilbert, for plaintiff.
Emmet & Robinson, for defendant.

SEABURY, J. This action is brought by George R. Wakefield, as administrator of the estate of his sister Mary A. McClaughry, against his brother Arthur C. Wakefield, to recover $1,500, which the complaint alleges the decedent loaned to the defendant during her life. Upon the trial the plaintiff attempted to prove the cause of action set forth in the complaint by his own testimony as to personal transactions had with the decedent, to show that the money she paid to the defend-ant was a loan. This testimony was objected to by the defendant upon the ground that George R. Wakefield was an interested person, and was incompetent to testify as to personal transactions with his de-ceased sister, and that the evidence was incompetent under section 829 of the Code of Civil Procedure. This objection was sustained, sub-ject to the exception of the plaintiff. No other evidence was offered, and the motion to dismiss the complaint was granted. The plaintiff now insists that the exclusion of the evidence offered was erroneous, and that such evidence was not within the prohibition contained in sec-tion 829 of the Code of Civil Procedure. George R. Wakefield was not only a party to the action as administrator, but he was a person interest-ed in the event. The testimony which it was sought to have him give upon the trial was in his own behalf or interest, and against the defend-ant, who derived his title or interest in the $1,500 through the decedent, and admittedly related to a personal transaction or communication be-tween him and the decedent. Thus this testimony was clearly not warranted, under section 829 of the Code of Civil Procedure. It was admitted upon the trial that the plaintiff was one of the next of kin of the decedent, who died intestate, and, as such next of kin, he would be

entitled to a portion of the $1,500 if it was recovered by him as administrator. In the Matter of Meehan, 59 App. Div. 158, 69 N. Y. Supp. 9, the court said:

"Mrs. Larkin was one of the daughters and next of kin of the decedent, and as such, was entitled to share in the residue of the estate. If the estate were increased, her interest was increased in proportion. She was therefore interested in the event."

The plaintiff's contention is that section 829 is for the protection of the estate of the decedent, and applies only where testimony is offered against the executor or administrator. An analysis of the section, however, shows that it prohibits the introduction of such evidence as that under consideration against three classes of persons: First, against the executor, administrator, or survivor of a deceased person; or, second, against the committee of a lunatic; or, third, against a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise. The testimony offered in this case was clearly within the prohibition described in the third class. The defendant was a person deriving his title or interest from, through, or under a deceased person, and, as such, was protected from having a witness who was interested in the event give testimony against him as to personal transactions or communications with a deceased person. The reason for the rule stated in section 829 does not rest solely upon a desire to protect estates, but is based upon the policy that a living person, when interested in the event, should not be permitted to prove a communication between him and a deceased person, as no possibility of contradiction exists. The plaintiff bases his contention upon a dictum contained in Butler v. Richardson, 31 App. Div. 281, 52 N. Y. Supp. 756. An examination of that case shows that the facts were entirely different from those presented in the case at bar. In that case an order for the examination of the defendant was granted upon the application of the administrator of the deceased, and the reason for the decision was clearly stated in the opinion of Mr. Justice Ingraham, where he said:

"If the plaintiff desires to call the defendant to examine her as to the source of her title to this property held by her, there is no legal objection to such an examination; and because the law, for the protection of estates, prohibits a party having a claim against an estate from testifying in his own behalf, if the representatives of the estate are willing to waive that right to object to such an examination, and call the person making such a claim as a witness on behalf of the estate, it is certainly no reason to refuse to permit such an examination because the witness would not be competent to give testimony as to personal transactions with the deceased on his own behalf."

If in the case at bar the plaintiff had called the defendant as his witness, and offered his testimony, the case would be analogous to Butler v. Richardson. But the case of Butler v. Richardson cannot be so construed as to make it an authority for receiving the testimony offered by the plaintiff in this case without doing violence to the plain meaning of the opinion in that case.

The complaint was properly dismissed, and the motion to set aside the dismissal and for a new trial is denied.