JACOB HARMON SNYDER, Appellant, *v.* WAITY SHERMAN et al., Respondents.

Under the provision of the Code of Civil Procedure (§ 2545), declaring that the decree of a surrogate "shall not be reversed for an error in admitting or rejecting evidence unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby," to justify a reversal it must appear that had competent evidence, which was rejected, been received, the appellant's case would not have failed, or without improper evidence which was received, the respondent's case was deficient.

(Argued February 27, 1882 ; decided March 14, 1882.)

THIS was an appeal from a judgment of General Term affirming the decree of a surrogate admitting to probate the will of Elizabeth Snyder, deceased. The probate was contested on the ground of want of mental capacity to make a will. The court held that the evidence sufficiently established mental capacity, and that the decisions of the surrogate and of the General Term were final. (Code of Civil Procedure, § 1337 ; *Davis* v. *Clark*, 87 N. Y. 623 ; *In re Ross*, id. 514.) It was argued " that the surrogate admitted illegal incompetent testimony under objection by the contestant, and rejected proper and competent testimony offered in his behalf." The court say on this question :

"It is provided (§ 2545, Code, *supra*,) that the decree of a surrogate 'shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby.' It is not necessary in this case to determine the extent or limitation of this new statute. Each case must be determined upon its own circumstances ; but it is not enough for us to see that incompetent evidence has been received or pertinent evidence excluded, we must also be satisfied that with the excluded evidence the appellant had not failed in his proof, or that without the improper evidence the respondents' case was deficient. "

After considering the alleged improper ruling, the court held that the evidence alleged to have been improperly rejected could not have aided the contestant, and that without any of the evidence to which exceptions appear the other evidence established the testamentary capacity of the testatrix at the time of the execution of the will.

*R. A. & F. J. Parmenter* for appellant.

*James Lansing* for respondents.

DANFORTH, J., reads for affirmance.

All concur, except RAPALLO, J., absent ; TRACY, J., concurring in result.

Judgment affirmed.