The court, I think, erred in holding, in effect, that it was not necessary for the defendant to show the service of notice to redeem. If the defendant be deemed in possession under the instrument of December 28, 1873, as under a contract of sale, he was· in default, and ejectment would lie. Plet v. Willson, 134 N. Y. 139, 141, 31 N. E. 336; Pierce v. Tuttle, 53 Barb. 155. Section 65 of chapter 427 of the Laws of 1855, as amended by chapter 448 of the Laws of 1885, did not make the comptroller's deed evidence of service of the notice required to be served by the grantee under section 68 of the act of 1855. If the land was occupied, the deed was not properly recorded unless accompanied with the proof of the service of the notice as required by the act. Sections 68–73, Act 1855; Turner v. Boyce, 11 Misc. Rep. 502, 33 N. Y. Supp. 433. In Ostrander v. Darling, 127 N. Y. 79, 27 N. E. 353, the premises were unoccupied. We think the trial court erred in directing a verdict for the defendant.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur. ·

(17 App. Div. 267.)

### In re POTTER'S WILL.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Where the proponents of a will are called as witnesses by contestants to prove undue influence, Code Civ. Proc. § 829, forbidding a person interested in the result of a trial to testify in his own behalf as to transactions between himself and a decedent, through whom he derives his interest, does not apply.

2. APPEAL—RULINGS ON EVIDENCE—SURROGATES' COURTS.

Under Code Civ. Proc. § 2545, providing that a surrogate's decree on the trial of an issue of fact shall not be reversed for error in admitting or excluding evidence "unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby," the case on appeal must show what the evidence was, in order to present the ruling thereon for review.

3. SAME—PREJUDICIAL ERROR.

On the contest of a will, contestants called proponents as witnesses to prove that they (proponents) had unduly influenced testatrix. One proponent testified that she gave testatrix instructions as to how she should make the will, and that it was made accordingly, but that she had had no conversation with testatrix about the will before it was executed. The other proponent testified that he had several conversations with testatrix about the will before it was executed, but he was not asked what he said. The surrogate refused to allow proponents to testify as to what testatrix said to them. The case on appeal from a decree admitting the will to probate did not state what contestants proposed to show was said to proponents by testatrix. Held, that it did not appear that contestants were "necessarily prejudiced" (Code Civ. Proc. § 2545) by such refusal to admit the testimony as to what testatrix said to proponents.

Putnam, J., dissenting.

Appeal from surrogate's court, Washington county.

Proceeding for the probate of the will of Orra Potter, deceased. From a decree admitting the will to probate, William P. Potter and others appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. B. McCormick and J. Sanford Potter, for appellants.

Seeley & Gilroy and C. H. Sturges, for respondents.

MERWIN, J. The questions upon this appeal arise upon exceptions taken during the course of the trial to rulings upon the admission or rejection of evidence. In re Hood, 104 N. Y. 103, 106, 10 N. E. 35. The decedent, at the time of her death, was about 89 years of age. She left seven children, her sole heirs and next of kin. Four of these children, to whom nothing was given in the will, contested its probate upon the grounds of undue influence and incompetency, the main part of the property was given to two of the children, Caroline Potter and Seaman G. Potter, who were named as residuary legatees. The contestants called as witnesses on their behalf both of the residuary legatees, and the exceptions chiefly relied on occurred in the course of their examination. They sought to prove by Caroline Potter conversations between her and the deceased with reference to making the will. It was objected by the proponents that the witness was incompetent, under section 829 of the Code, to testify as to transactions or communications with the deceased; and the court so held. This ruling was subsequently relaxed to the extent of allowing the witness to testify to what she said to the deceased, but excluding the statements of the decedent. The contestants did not accept the limitation. The contestants also sought to prove by Seaman G. Potter like conversations between him and the deceased, and a like ruling was made as to his testimony. These witnesses were not sought to be examined in their own behalf or interest. Their interest was to have the will proved, and they were called on behalf of the contestants. The provisions of section 829 did not, therefore, apply, and the court erred in excluding or limiting their testimony. Bank v. McCarty, 149 N. Y. 71, 84, 43 N. E. 427. The case of In re Dunham, 121 N. Y. 575, 24 N. E. 932, cited by the respondents, does not sustain their position. There the residuary legatee under a will was called as a witness by parties who contested a codicil, which, if established, diminished the amount which would otherwise go to the residuary legatee. The latter was, therefore, called in his own interest, and so within the inhibition of the Code.

It is, however, urged by the respondents that, if there was error in the rulings referred to, the appellants were not necessarily prejudiced thereby, and therefore the decree should not be reversed. Code, § 2545. By that section it is provided that a decree upon a trial of an issue of fact "shall not be reversed for an error in admitting or rejecting evidence unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby." Under this provision, in case the error is in rejecting evidence, it is incumbent upon the exceptant to have the case show, in substance, by way of offer or otherwise, what the evidence is that is rejected. Only in this way can it be made to appear whether or not the exceptant is necessarily prejudiced. In the present case, the contestants offered to prove by the witness Caroline Potter that, prior to the making of the will, she had conversations with the deceased, and directed her

how she wanted the will made, and that it was made in accordance with the instructions and views of the witness. The court permitted the contestants to show by the witness that she gave instructions to the decedent how she should make the will, and that it was made in conformity with such instructions; limiting, however, the answer of the witness to what she said to the testatrix, and excluding statements of the testatrix. The contestants did not avail themselves of the permission given, and did not attempt to show what the witness said to the testatrix. The witness had previously testified that she had no conversation with the testatrix upon the subject of the will before it was executed. The court, also, in the course of the examination of the witness, ruled generally that the contestants would be permitted to show any undue influence exercised on the part of this witness upon the testatrix, if any existed. The witness Seaman G. Potter testified that he had several conversations with his mother upon the subject of the will before it was executed, and was asked to state them. The court, in its ruling, held that he might state what he said to his mother on the subject of any directions as to making her will, or serving to influence her in the execution of the will, but excluded statements of the testatrix herself. The contestants did not attempt to show what the witness said to his mother, or make any offer of what they expected to prove. The contestants, therefore, had opportunity to examine the witnesses on the subjects in regard to which they were interrogated, except as to the statements of the testatrix herself. On the issue of undue influence, the important thing was to ascertain what the witnesses said or did, and that the contestants were permitted to inquire about.

On the part of the appellants it is argued that, although the modified ruling may have cured the error in the original ruling so far as the question of undue influence was concerned, it still was important to have in evidence the statements made by the testatrix, as bearing upon her mental competency, or as furnishing a basis for expert evidence on that subject. That object was not suggested at the trial, and there is nothing indicating what the contestants expected to prove that the testatrix said that would be pertinent or beneficial to them on the issue of mental competency. Nor was there any evidence given by the contestants that tended to show such incompetency. The course of the trial furnishes ground for the inference that the issue of undue influence was the main, if not the only, one in the case. In the absence of any information, by express statements or fair inference, as to what the evidence was that the erroneous ruling operated to exclude, how can it be said to appear that the ruling was necessarily prejudicial to the appellants? In some cases it has been said that the error must be such that, in its absence, a different result would have been reached (Snyder v. Sherman, 88 N. Y. 656; Loder v. Whelpley, 111 N. Y. 247, 18 N. E. 874), or at least a reasonable doubt on the subject (In re Smith's Will, 95 N. Y. 516). Under the circumstances of this case, it does not, I think, appear that the appellant was necessarily prejudiced by the erroneous rulings.

Error is claimed in excluding evidence of the contents of a prior will. It was not, however, shown that such will was lost or destroyed, and so secondary evidence of its contents was not admissible. In re Smith's Will (Sup.) 15 N. Y. Supp. 425. It was not error to allow the subscribing witnesses to testify as to the apparent mental condition of the testatrix at the time of the execution of the will. Clapp v. Fullerton, 34 N. Y. 190; Redf. Surr. Prac. 184, and cases cited. It follows that the decree should be affirmed.

Decree affirmed, with costs. All concur, except PUTNAM, J., dissenting.

PUTNAM, J. (dissenting). The appellants, as heirs and next of kin of Orra Potter, deceased, contested the probate of her will on the grounds of incompetency and undue influence. On the trial, with a view of showing undue influence on the part of Caroline Potter and Seaman G. Potter, residuary legatees named in the will, the contestants called those parties as witnesses, and sought to prove by them conversations had with the deceased in reference to making the will, and instructions given by them to the testatrix in that regard. The surrogate permitted the appellants to prove by said witnesses what they said in conversation with the deceased in reference to the will, but excluded the statements of the testatrix. It is shown in the opinion of Justice MERWIN that the rulings of the surrogate in excluding the statements of the deceased were erroneous. But he reaches the conclusion that it does not appear from the case that the appellants were necessarily prejudiced by the error of the surrogate, and that hence, under section 2545 of the Code of Civil Procedure, which provides that a decree in a surrogate's court upon the trial of an issue of fact "shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby," the error of the surrogate does not compel the granting of a new trial.

While Caroline Potter, one of the residuary legatees, was being examined as a witness on behalf of the contestants, the following offer and ruling was made:

"Contestants offer to show by this witness that she was present when the will was made; prior to the making and executing of the will she had talks and conversations with the deceased, and directed the deceased how she wanted this will made, and that it was made in accordance with the instructions and views of the witness; and that such talks and conversations were had prior to the making and execution of the will, and on the same day. * * * The court permits contestants' counsel to show by the witness that she gave instructions to decedent how she should make the will, and also the fact that the will was made in conformity with such instructions, limiting the answer of witness as to what she said to the testatrix, but statements of testatrix are excluded. To the ruling of the court and limiting of the proof of the offer, contestants except."

The following question were asked and rulings made by the surrogate on the examination of Seaman G. Potter, also a residuary legatee, and by whom the contestants sought to prove undue influence exercised by the witness in procuring the execution of the will:

"Q. What direction did you give her or she give you with reference to this will on this day? (Proponents' counsel objects to so much of the question as

relates to the direction given by him to her.   Objection sustained.   Contestants except.)   Q. State what conversations took place between you and her upon the subject of making this will, on that day or at any time prior to that day. (Same objection as last above.   Objection sustained, except in so far as this witness gave any directions to Orra Potter as to making her will.   Upon that subject he may be required to answer.   Contestants except.)   *   *   *   Q. What did she say to you upon the subject of this present will?   (Objected to on same ground as former objections.   Objection sustained.   Contestants except.)   *   *   *   Q. State the conversations that you had on each of these occasions with your mother with reference to the making of this will, or the substance of them, as you remember them.   (Objected to on the ground that this witness is disqualified under section 829 of the Code.   Objection sustained, except there was something said by this witness serving to influence testatrix in the execution of the will, in which case all such statements witness may be required to testify respecting them, limiting them to what witness said to testatrix.   Contestants except.)"

That the statements of the deceased thus excluded were proper and material evidence on the issue before the surrogate cannot be doubted.   I think a party contesting a will on the ground of undue influence must be deemed necessarily prejudiced by the rejection of material and competent testimony relevant to the issue before the surrogate, within the meaning of section 2545 of the Code of Civil Procedure.   Where a surrogate, on the trial of an issue of fact, receives incompetent evidence, the case is different from an error of the surrogate in rejecting competent testimony.   In the former case the evidence improperly received is before the court, and it may appear that, although the surrogate has erred in admitting it, yet the error did no harm, because the fact to which such incompetent testimony related was clearly proved by other competent evidence.   Thus, in the case of Loder v. Whelpley, 111 N. Y. 239, 18 N. E. 874, incompetent evidence was received.   The court of appeals determined that this error afforded no ground for a reversal of the decree, because the surrogate, in his opinion, which was incorporated in and formed a part of his decision, stated that he had disregarded the incompetent evidence, and also because the decision of the surrogate's court was justified "by testimony which leaves no doubt of its correctness, and, leaving out all the evidence objected to by the contestant, the same result, and that only, could be reached."   The court, in the case cited, determined that, if a decree of the surrogate was clearly right, notwithstanding an error in receiving incompetent testimony, such error is no ground for a reversal.   But the case is different where a surrogate errs in rejecting competent and material testimony.   It is impossible to determine what effect such testimony, if received, would have had on the decision of the question of fact before the surrogate. A party offering competent and material testimony is necessarily prejudiced by its exclusion.   He is entitled to have such evidence considered by the surrogate.   If received, it might affect the result. He is injured by its exclusion.   The true rule as to the construction that should be given to section 2545 of the Code of Civil Procedure is stated by Andrews, J., in Re Smith's Will, 95 N. Y. 516, 527, 528, as follows:

"Under this section, when the court of review finds that incompetent evidence has been received or competent evidence rejected, it then becomes its duty to determine whether the error prejudiced the party against whom it was com-

mitted. If it appears to the court that it did not, then its duty is plain. If, on the other hand, the evidence erroneously admitted or rejected was important and material, and the court cannot say that, notwithstanding the error, the judgment is right, or if it entertains a reasonable doubt upon the subject, then we conceive a case is presented where the party excepting was necessarily prejudiced, within this section."

In this case the appellants claimed undue influence on the part of the residuary legatees, and sought to show by them transactions and conversations had with the deceased, immediately prior to the execution of the will, in regard to its provisions. This evidence was clearly competent and material to the issue before the surrogate. Had it been received, he might have reached a different conclusion. The contestants were necessarily prejudiced by its exclusion. I think the decree of the surrogate should be reversed.