being the heirs of Mary Juliet Porter, the devisee named. If he did not, then, concededly, they have no right, title, or interest to or in such property, and the plaintiff is the owner of the same. The plaintiff asks, if it shall be determined that she is the owner of the premises in question, that it shall be adjudged that the appellants' claims, which are adverse to her, are of no force or validity, and also that the cloud upon her title created by the devise be removed, and that it be adjudged that she is the owner of, and entitled to possession of, the premises. In order to obtain any part of the relief demanded, precisely the same facts would have to be proven as would be necessary in order to entitle her to any other part of such relief. It cannot be held that the same state of facts constitute separate and distinct causes of action because they may entitle a plaintiff to one or more different or distinct forms of relief. The test as applied to the case at bar is whether or not the plaintiff, if she had brought an action to compel the determination of the adverse claims of the appellants, and had alleged the same facts as are contained in the complaint, all of which would have been necessary, would have been permitted to maintain another action, alleging precisely the same facts, to remove the cloud upon her title. We think it clear that the first action would have been a bar to the second. In Richards v. Kinsley, 14 N. Y. St. Rep. 701, it was held that separate causes of action exist only when the plaintiff might demand separate judgments for different sums of money, or different forms of relief in different actions, if he did not elect to include his whole claim against the defendant in a single action. Robinson v. Brown, 166 N. Y. 159, 59 N. E. 775; Gilbert v. Pritchard, 41 Hun, 46; Welch v. Platt, 32 Hun, 194. The cases cited, we think, show beyond controversy that the complaint contains but a single cause of action, although different forms of relief—all dependent, however, upon the same state of facts—are demanded.

We deem it unnecessary to consider the preliminary objections urged by the respondent's counsel to the granting of the motion. It follows that the order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

---

(63 App. Div. 550.)

### In re VAN DAWALKER'S WILL.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

WILLS—ACTIONS TO SET ASIDE—ADMISSIONS—ADMISSIBILITY.

Admissions of a tenant in common of property devised, concerning the testator's lack of mental capacity, which are not made in the presence of, nor assented to by, the other tenants in common, who are not shown to have made the same admissions, are inadmissible in an action to set aside the will, though all the tenants have made other admissions tending to show testator's lack of mind.

Appeal from surrogate's court, Oneida county.

71 N.Y.S.—45

Application for the probate of the last will and testament of Otis Van Dawalker. From a decree of the surrogate refusing to admit the will to probate, proponents appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

P. H. Fitzgerald, for appellants.

Davis, Johnson & Coville, for respondent.

WILLIAMS, J. The decree appealed from should be reversed, and a trial ordered before a jury in the supreme court. The contest was a lengthy one. Forty-five witnesses were sworn during the original hearing, and, the matter having been submitted, the surrogate wrote a very satisfactory opinion, considering the law and the facts, and arrived at the conclusion that the testator was competent to make the will, and that it should be admitted to probate. We have examined the evidence given on such hearing, and agree that the conclusion arrived at by the surrogate, as stated in such opinion, was abundantly justified by the evidence. We do not desire to add anything to the reasons assigned by the surrogate for such conclusion. Before the entry of a decree, a motion was made in behalf of the contestant to reopen the contest and permit additional evidence to be given. That motion was granted, and a rehearing was had, and new evidence was given; and thereafter the surrogate, upon the entire evidence before him, reversed his former conclusion, and made the decree appealed from, refusing to admit the will to probate on the ground that the testator was not competent to make the will. The new evidence given on the rehearing, and upon which the surrogate relied in reversing the conclusion at first reached by him, consisted mainly of admissions made by the several persons beneficially interested under the will as to the mental condition of the testator. All this evidence was objected to, but was held by the surrogate to be competent, and was received and considered in the case. We are of the opinion the evidence so received was incompetent, and, even if it was admissible, it was not of sufficient importance to justify the surrogate in changing his former opinion and refusing probate to the will. It is well settled that evidence of such admissions or declarations by persons not jointly interested under a will is not admissible, and cannot be considered by the surrogate at all. In re Kennedy, 167 N. Y. 163, 60 N. E. 442. In this case, O'Brien, J., at page 177, 167 N. Y., page 446, 60 N. E., said:

"The general doctrine is doubtless correct that the admissions or declarations of a party to the record may be taken as against himself or another party having a joint interest with him, but this rule can have no application to a proceeding to prove a will, where other parties are interested in the estate as tenants in common. In this case the admissions or declarations of the nephew could not bind the sister; and since upon proof of a will there can be but one decree,—either of rejection or of probate,—the declarations of one of the parties cannot, from the very nature of the case, be received as evidence without prejudice to the rights of the other. One tenant in common cannot admit away the rights of his co-tenant. Since the will could not have been admitted as to the sister and rejected as to the nephew, the admissions of declarations of the latter were not admissible."

This rule is applicable to the case we are considering. The persons whose admissions or declarations were given in evidence were not joint tenants, but tenants in common, of the property disposed of under the will, and therefore their admissions or declarations were improperly admitted in evidence. It will not do to say they were so admissible because the admissions or declarations of all the persons so interested were given in evidence. They were not made in the presence of all and assented to by all, nor were they the same admissions or declarations made by the several parties at different times. They were different admissions or declarations, and it is merely claimed that they all tended towards one and the same result or conclusion, viz. the weakness of mind and mental incapacity of the testator. The admission of the evidence cannot be sustained upon such a theory. The admissions or declarations of each separate person, made separate and apart from the other persons interested under the will, were inadmissible as to such other persons, and were therefore inadmissible for any purpose. Moreover, we are unable to see how these admissions or declarations could have induced the surrogate to change his well-considered decision already made. They were at best the opinions of nonexperts, not given under oath, as to the mental condition of the testator, and ought not to have outweighed the considerations referred to in the surrogate's opinion already handed down.

The decree appealed from should be reversed, and a new trial granted; and, inasmuch as the reversal is founded upon a question of fact, such new trial must be had at a trial term of the supreme court, under section 2588, Code Civ. Proc. Costs of appeal to appellant to abide event. All concur.