### In re CAMPBELL'S WILL.

(Supreme Court, Appellate Division, Third Department.   December 31, 1901.)

WILLS—UNDUE INFLUENCE—EVIDENCE.

> Where a will was contested on the ground that it was procured by undue influence of one of the legatees, *held*, that the declarations of such legatee as to his relations with the testatrix, and as to the condition of her mind at the time of the execution of the will, are not admissible, where there are legacies to other parties under the will, who would not be entitled to take as heirs if the will was set aside.

Appeal from surrogate's court, Franklin county.

In the matter of the probate of the alleged last will and testament of Mary A. Campbell, deceased. From a decree of the surrogate refusing to admit such alleged will to probate, Norman Cushman and another appeal.   Reversed.

Argued before PARKER, P. J., and HOUGHTON, EDWARDS, SMITH, and CHASE, JJ.

John P. Kellas, for appellants.
Gordon H. Main, for respondents.

HOUGHTON, J.   The alleged will was executed about a year prior to the death of the testatrix, at the office of the scrivener, some distance from her home, to which place she was accompanied by Norman Cushman, the principal legatee.   The scrivener was his cousin, not a lawyer, but accustomed to draw papers for persons in his locality.   Prior wills had been drawn by the attorney, who ordinarily did business for the deceased.   At the time of the execution of the will, the deceased was 75 years of age.   The evidence discloses that she was vigorous for her years, and attended to her own business affairs of managing her farm and making investments of such money as she had.   The farm was worth about $2,000, and she left, besides, $10,000 or $12,000 in cash and securities.   Norman Cushman was a young man about 32 years of age, who had worked for her some years under various arrangements as to compensation.   She had lived alone with him, and the evidence discloses that she was very solicitous about his leaving her, either because she placed great value on his services, or had conceived a peculiar fondness for him. She had two daughters, married and living in her vicinity, who are the contestants and the present respondents.   She does not appear to have been on especially friendly terms with her children, nor do they appear to have been especially solicitous for her welfare, possibly on account of her relations with Cushman.   By the alleged will, $3,000 of her personal property was divided between two daughters and a grandchild (daughter of one of the respondents) and a nephew, in various proportions, and the balance of her personal property was given to Cushman, as is expressed, because of his many kindnesses and solicitous care.   The farm was eventually to be sold and divided between her daughters, the income meanwhile to belong to Cushman.   The surrogate found, upon request on settlement of the case, that the deceased was of sound mind, memory, and understand-

ing, and competent to execute a will, except for the undue influence exercised over her by Norman Cushman, the principal legatee. This situation, of a person of ordinarily sound mind being unduly influenced in the making of a will, made a very delicate question of fact for consideration by the surrogate. Any errors in the admission or exclusion of evidence under such circumstances cannot be said to be harmless. A large amount of evidence was introduced before the surrogate, showing the relations existing between the deceased and Cushman, and tending to show his influence over her, as well as showing her mental condition and state of mind toward him. Against the objection of the proponents, however, the surrogate permitted the declarations and admissions of Norman Cushman to be received as to his relations with the deceased, and as to the condition of mind and lack of mind of the testatrix. Cushman was the principal legatee under the will, but there were other legatees, who would not take in case the intestacy of the deceased was established. He was not, therefore, the only person interested in sustaining the will. The other legatees, the nephew and grandchild of the deceased, were tenants in common with him under the will, and it is not pretended that the admissions were made in their presence. The proponents, as executors named in the instrument, represented the nephew and grandchild, as well as Cushman himself, in the proceedings to establish probate of the will. Cushman could not be eliminated from the instrument and leave it good in behalf of the nephew and grandchild. It must stand or fall as a complete instrument. The doctrine that admissions or declarations of a party may be taken as against himself has no application to a proceeding to prove a will, where other parties are interested in the estate as tenants in common, since the will cannot be admitted as to one and rejected as to the other. In re Kennedy's Will, 167 N. Y. 163, 60 N. E. 442; In re Van Dawalker's Will, 63 App. Div. 550, 71 N. Y. Supp. 705. The admission of this evidence constitutes an error which calls for a reversal of the decree. Other errors, in the permitting of witnesses to give opinions as to the condition of mind of the testatrix, and a refusal to receive a written contract between the deceased and Cushman, are alleged, but it is unnecessary to consider them.

Inasmuch as we have concluded that there must be a new trial, it is unnecessary to comment upon the facts, further than to bring the parties within the provisions of section 2588 of the Code of Civil Procedure, so that the new trial may be had in the supreme court, before a jury. We have examined the evidence with considerable care, and think that the interests of justice require that this case should be reviewed in the manner required by the above section of the Code. We refrain from discussing the evidence, and from giving our views thereon, so that on a new trial the parties will be neither embarrassed nor benefited, nor the deliberations of the jury affected by the views of this court upon the questions of fact involved.

The decree of the surrogate is reversed, and a new trial directed before a jury, at a trial term of the supreme court, pursuant to the provisions of section 2588 of the Code of Civil Procedure, of the questions of fact arising between the parties, to be stated in the or-

der of reversal, with costs of the appeal to the appellants to abide the event.

Decree of the surrogate's court reversed, and new trial ordered, upon the issues between the parties, before a jury at a trial term of the supreme court, to be held in Franklin county, with costs to appellants to abide event; the order to contain the following questions of fact to be tried by the jury: First: Was the instrument dated April 2, 1898, duly signed, published, and executed by Mary A. Campbell as her last will and testament? Second: If the same was so executed, was she of sound mind and memory, and competent to execute the same? Third: Was the execution of the same procured by the fraud, restraint, or undue influence of Norman Cushman? Fourth: Were the provisions in said will, other than those in favor of Norman Cushman, procured by undue influence?

All concur; SMITH, J., in result.