In the Matter of Proving the Last Will and Testament of MARGARET M. GINTY, Deceased.

Surrogate's Court, Niagara County, June 11, 1925.

**Surrogate's Court — transfer of issues for trial — application to transfer to Supreme Court for jury trial of issues as to incompetency of testator in contested probate proceeding — Surrogate's Court without power to fix particular term of Supreme Court for trial — phrase "term of court" as used in Surrogate's Court Act, § 148, refers exclusively to terms of Surrogates' Courts.**

The issuance of a proposed order, upon an application to transfer to the Supreme Court for trial by jury of the issues as to the incompetency of a testator in a contested probate proceeding, should be withheld until there has been a compliance with section 148 of the Surrogate's Court Act, which requires that notice of the filing of objections to probate be given to all legatees and devisees who had not already appeared.

The Surrogate's Court is without authority to fix by order the particular trial term of the Supreme Court at which such issues may be tried, for the phrase "term of court" as used in section 148 of the Surrogate's Court Act refers exclusively to the terms of the Surrogate's Court and not to terms of the Supreme Court or County Court.

APPLICATION to transfer to Supreme Court for jury trial issues as to incompetency, coercion, etc., which arose in probate proceeding.

*Hopkins & Brim,* for the proponent.

*Eugene L. McCollum,* for Irene Ginty.

*David Tice,* for the contestants.

HICKEY, S.:

On April 28, 1925, Abner T. Hopkins, one of the executors named therein, filed in this court a certain instrument in writing purporting to be the last will and testament of decedent, together with a petition praying for its probate. This alleged will disposes of an estate of the value of perhaps $100,000 or more. A citation was thereupon duly issued returnable May 9, 1925, at ten A. M. Thereafter and on May 16, 1925, the subscribing witnesses to said instrument were duly sworn and examined and the matter adjourned to May twenty-third at ten A. M. On May twenty-third the parties appeared as before and May Ginty Collins and Charles T. Ginty, heirs at law and next of kin of testatrix, filed objections to the probate of the instrument propounded on the grounds of incompetency, coercion, etc., and demanded a jury trial as authorized by section 68 of the Surrogate's Court Act.

It being the practice of this court to transfer such issues to the Supreme Court for trial, counsel for the contestants, following this practice, submitted with his objections and demand a form of order for such transfer. This proposed order directs that the proceeding be transferred to and tried at a Trial Term of the Supreme Court, to be held in the county of Niagara commencing on the 1st day of June, 1925. This order also sets forth the questions of fact which contestants wish to have passed upon by a jury.

Thereupon counsel for proponent and for Miss Irene Ginty, a daughter of testatrix, and a beneficiary under said alleged will, objected to the granting of such an order on the ground that they could not properly prepare the case for trial at the June term of the Supreme Court, then only a week away. They also objected to the granting of the transfer order on the ground that such an order could not regularly be granted until the provisions of section 148 of the Surrogate's Court Act, requiring that notice of the filing of such objections must be given to all legatees and devisees who had not appeared in the proceedings by attorney, had been complied with. This section, among other things, provides that such notice shall be served in such manner and within such time as the surrogate shall direct and shall include or have indorsed thereon a statement

that objections have been filed to the probate of such will, and that the same will be heard on a day or at a term of court therein stated.

Counsel for contestants urges that the transfer order be granted forthwith in the form submitted, and that the notice to legatees and devisees referred to in section 148 above should recite such transfer and that the hearing on the objections filed would be had before the Supreme Court at the Trial Term referred to in the form of order submitted.

In my opinion, when section 148 was drafted, its relation to section 68 was overlooked, and as a consequence the procedure to be followed in cases like this is not clear. It appears to me, however, that surrogates are without authority to fix by order the particular trial term of the Supreme Court at which such an issue must be tried. The furthest that a surrogate may go in such matters is to order that the issue be tried at a Trial Term of the Supreme Court to be held within the county, leaving it to the parties and to the Supreme Court to say at what particular term the trial shall take place. To give any other interpretation to the sections referred to would be equivalent to holding that surrogates might in some measure at least regulate proceedings in the Supreme Court. This was never intended. Some Surrogates' Courts have fixed terms for the trial of contested wills, and in my opinion the words " term of court " as used in section 148 refers exclusively to terms of the Surrogate's Court and not to terms of the Supreme Court or County Court. In my opinion, therefore, the safer practice is to bring all legatees and devisees into the Surrogate's Court before transferring the proceedings to the Supreme Court. There is no question in my mind as to the regularity of such practice. On the other hand, I have very serious doubts as to the regularity of the course suggested by counsel for contestants.

I have reached the conclusion, therefore, that the transfer order should not be granted until the requirements of section 148 of the Surrogate's Court Act have been complied with. Counsel for proponent may, therefore, file the notice required by such section and receive instructions as to the manner and time of service. Thereupon a day will be fixed for a hearing and the questions of fact to be tried by the Supreme Court settled. All necessary parties being then in court an order will be made transferring such questions of fact to the Supreme Court for trial by jury.