In the Matter of the Probate of the Last Will and Testament of CHARLES L. HAYDEN, Deceased.

MARIE F. H. POWELL, PETER H. HAYDEN and EARLE F. HAYDEN, Contestants, Appellants; RUBY JOHNSTON HAYDEN and A. RAYMOND CORNWALL, Proponents, Respondents.

Fourth Department, January 8, 1941.

*Melvin F. Kinkley,* for the appellants.

*A. Raymond Cornwall,* for the respondents.

HARRIS, J. The contestants herein, who are the three children of the deceased, appeal from a decree of the surrogate of Jefferson county entered on a jury verdict, which verdict was directed by the trial court. The verdict was on certain questions submitted by reason of objections filed to the probate of the alleged last will and testament of the deceased and such questions were answered by direction in favor of the proponents. The proponents were two in number, one Ruby Johnston Hayden, the widow of the deceased and executrix and the chief, but not sole, beneficiary under the will offered for probate, and A. Raymond Cornwall, an attorney, named in such will with Mrs. Hayden as executor of the will. The estate disposed of by the will was of the value of $100,000 and upward; the only portions of that estate not to be inherited by Mrs. Hayden under the will were two sums, one of $500 and one of $100, the first bequeathed to a cousin of the deceased, and the second amount bequeathed to one of his employees. The will as offered stated that it made no provision for the three children (who are the contestants) because they had been substantially taken care

of financially by the last will and testament of the father of the deceased. There can be no question raised that such children were so remembered by their grandfather. The present Mrs. Hayden, who is the chief beneficiary under the will, was the fourth wife of the deceased and her married life with him extended over a period of some seventeen years. The contestants are the children of the deceased by his first wife, who, at the time of the making of the will which is the subject of this proceeding, was already dead. The objections filed by the contestants were those usual to such a proceeding, i. e., lack of proper execution and attestation, undue influence and lack of mental competency.

On this appeal there is raised first, a question that the order of the surrogate of Jefferson county sending the issues to the County Court for trial was defective in a matter of jurisdiction; the contention of the contestants in that regard is that such order was made prior to the giving of notice of the objections to the two legatees who, at the time of the making of the order, had not appeared in the proceeding. (Surr. Ct. Act, § 148; *Matter of Ginty*, 125 Misc. 158.) Such objection is disposed of by the fact that other counsel for the contestants (who were in this matter prior to the retention of the counsel who went on trial before the County Court) had consented to the matter being sent to the County Court. This left the contestants with no personal objection to such procedure; and the two legatees had, prior to the hearing of the matter in County Court, waived notice of the filing of objections by contestants and consented to the probate of the will. The other questions raised on this appeal are as follows:

1. That the court had excluded the testimony of Nan Baron, a witness presented by the contestants, who was called to testify as to a telephone conversation that she had with the deceased on May 24, 1939, she talking from Jersey City and the deceased being at his island home in the St. Lawrence river. Mrs. Baron had only once (eighteen years earlier) previously spoken to the deceased, and was not familiar with his voice. The contestants endeavored to connect her testimony by swearing Mrs. Powell, one of the contestants, for the purpose of having Mrs. Powell testify that she had called her father (the deceased) from Jersey City, had obtained his answer and had then put Mrs. Baron on the telephone to talk to him. Such testimony of Mrs. Powell being given on her own behalf, was properly excluded by the trial court. (Civ. Prac. Act, § 347.) Thus there is no proof that Mrs. Baron was on that occasion speaking to the deceased. Therefore, there was no error in excluding the testimony of both Mrs. Baron and Mrs. Powell.

2. The direction of the verdict by the trial court, which direction the contestants claim was erroneous, considering the testimony of one witness, Steven Bonsal, Jr. This witness testified that he was the nephew of the deceased and that on a certain visit which he had made to the deceased in the first week of August, 1939, the latter made no response to certain remarks and questions of the witness, which remarks and questions had to do with former associations of the deceased with which associations the witness was familiar. Based on such conduct of the deceased, the witness testified that these acts impressed him as showing the deceased as being irrational. It is sufficient to say in respect to this witness and his opinion, that the opinion given by him has no substantial basis in his own testimony. If this were the only question raised on the appeal, the direction of the verdict was proper.

3. It is claimed by the contestants that the court erred in refusing to permit Mrs. Ruby Johnston Hayden to testify when she was called as a witness on behalf of the contestants. As has been stated above, this Mrs. Hayden and the deceased had lived together as husband and wife for some seventeen years; she had been with him on a visit to Arizona prior to the making of the will, and had resided with him at his island home and at his city home in Watertown for several years prior to the making of the will and at the time of his illness and death. It is claimed by the contestants that she necessarily knew about his condition of health, his conduct and his care by physicians and nurses for many years prior to his death, and that an examination of her by the contestants on the trial would have divulged matters favorable to them and unfavorable to the probate of the will, which matters were in reference to the health, conduct, care and company of the decedent prior to his death and at or about the time of the alleged execution and attestation of the last will and testament in question on this proceeding. The trial court permitted Mrs. Hayden to answer certain questions as to her husband's life and conduct and care, but the questions so permitted to be answered were few in number and were on matters already in the record. There was considerable discussion between the court and counsel on both sides as to the qualification of Mrs. Hayden to testify. The trial court finally determined the question as to the competency of the testimony of Mrs. Hayden by ruling (a) that she was incompetent by reason of the provisions of section 347 of the Civil Practice Act, and (b) that her testimony could not be received because it could not be binding on her cobeneficiaries under the will. On the latter ground of exclusion he cited section 373 of Richardson on Evidence, and *Matter of Campbell* (67 App. Div. 418). These last-mentioned citations state the rule that on a contest as to the

probate of a will admissions of a party to the record may not be received in the record because those named as beneficiaries in the will are not jointly interested, but only interested in common, and no one beneficiary would have a right to make declarations that would be detrimental to the interests of his cobeneficiaries (because a will must either be accepted for probate, or rejected for probate, thus establishing on one hand, or destroying on the other hand, the claims of all of the parties named as beneficiaries in the will). Admissions or declarations of one beneficiary are not to be received to the injury of the other beneficiaries. (Richardson on Evidence [5th ed.], § 373; 2 Ford on Evidence, pp. 914–977; *Matter of Kennedy*, 167 N. Y. 163, 177; *Matter of Van Dawalker*, 63 App. Div. 550; *Matter of Campbell*, 67 id. 418.) One may not quarrel with this rule but such rule is not applicable to the situation now before us in the proceeding on appeal. There was no attempt to prove any admissions or declarations made by Mrs. Hayden. She was called and asked to testify as to her knowledge of certain facts. It may be that from the statement of these facts the jury could come to conclusions that would bear out the contention of the contestants as to the state of mind of the deceased at the time that he made the will. Thus we have a situation different from the repetition in court by witnesses of admissions and declarations made outside the record by a party interested in the will. The difference is in this respect—the witness in the court is called to testify as to facts (and in this case apparently reluctantly responded to the call) and there can be no reason to regard the competency of her testimony any differently from that of any other witness who could testify to the same facts. If the rule were as claimed by the proponents, then a prospective beneficiary could so control the actions of himself and the maker of the will as to have no other witness to the conduct of the maker of the will at certain times when proof as to such conduct is material to the question of the probate of the will. There can be no objection to the testimony of Mrs. Hayden, called by the contestants, unless it is found in the refuge of section 347 of the Civil Practice Act. Section 347 has been cited in so many and divers matters and manners that it is not necessary to repeat such citations. In the instant case it is sufficient to draw attention to that portion of the contents of section 347 which forbids a person interested in the event being examined as a witness " *on his own behalf or interest*," against the legal representative of a deceased person concerning a personal transaction or communication between the witness and the deceased person, except where the party of opposite interest is examined in his own behalf. (Italics mine.) Here, Mrs. Hayden

was not called to testify on her own behalf, but on behalf of the contestants whose interest was opposed to hers. The prohibition contained in section 347 is not applicable to the testimony of Mrs. Hayden as offered by the contestants herein. Such contestants should have been permitted to examine her at length (of course, reserving to her any personal grounds of privilege that she could have against such examination). (*Matter of Anna,* 248 N. Y. 421; *Matter of Lasak,* 131 id. 624; *Matter of Potter,* 161 id. 84, revg. 17 App. Div. 267; *Matter of Hedges,* 57 id. 48.) The respondents herein claim that the record shows a full examination of this witness, but the record does not bear them out in this claim.

Because of the improper exclusion of the testimony of Mrs. Hayden, the decree of the Surrogate's Court, from which appeal is taken, should be reversed and a new trial granted, with costs to the appellants, of the issues raised by the objections of the contestants.

All concur, except CROSBY, P. J., not voting. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Decree reversed on the law and a new trial granted, with costs to the appellants to abide the event.