STRICKLAND, J. TIM, Associate Judge.
This is an appeal from an order admitting a will to probate. In the trial court, appellant beneficiary under a prior will contested appellee’s petition for administration. The issues on appeal are undue influence and incorrect application of the dead man’s statute, Section 90.05, Florida Statutes (1977).
On May 1, 1977, Mary Jane McClintock gave oral instructions to Mary Thompson as to the contents of her new will. Mary Thompson, her former sister-in-law, was to be the residuary beneficiary. The will was then prepared by Mary Thompson’s personal attorney, Jack S. Carey, who included himself as personal representative. On June 16, 1977, the will was presented to Mary Jane McClintock by Carey and Thompson. Since Ms. McClintock had misplaced her glasses, Carey read the will to her. He asked her to identify the persons mentioned in the will and concluded that she had the mental capacity to execute a will. At the time of the execution of the will, Ms. McClintock was 82 years old and was living in a nursing home, having had several strokes.
In the trial, the appellant called Mary Thompson as an adverse witness seeking to interrogate her concerning communications and transactions with Ms. McClintock. The appellee objected, citing the dead man’s statute as a bar to her testifying. The court sustained the objection but permitted counsel to perfect a proffer by obtaining her answers to the disputed questions.
The case of In re Carpenter’s Estate, 253 So.2d 697 (Fla.1971) lists the criteria for the determination of undue influence. The proffered testimony bore significantly on several of these criteria. The application then of the dead man’s statute, Section 90.05, Florida Statutes (1977), becomes the fulcrum issue. The trial court’s ruling denied the appellant the opportunity to adduce testimony from a material witness on the issue of undue influence.
In Disbro v. Boyce, 124 So.2d 756 (Fla.3d DCA 1960), the rationale of the dead man’s statute is reviewed. It would preclude an heir, as Mary Thompson, from testifying on her own behalf regarding her transactions or communications with the testatrix. Such testimony would be of a potentially self-serving nature which the adverse party would be unable to controvert. However, when this party elects to call an heir as an adverse witness and to risk such testimony, the statute does not grant the heir a privilege to refuse to testify. We agree with this holding and therefore reverse the order admitting the will to probate and remand this case for retrial.
GRIMES, C. J., and SCHEB, J., concur.