LIZZIE BARBER, *et vir*, DUSTY BARBER, *et vir*, BETTY BARBER, single, and ISAAC BARBER, Appellants, v. JACK BARBER, RANSOM BARBER, MARY BARBER CARRAWAY, *et vir*, Appelles.

175 So. 713.

Opinion Filed June 16, 1937.

646

*Lawrence Rogers* and *George P. Garrett,* for Appellants; *W. J. Steed,* for Appellees.

TERRELL, J.—This was a suit in equity to partition certain real estate and three stocks of cattle located in Osceola County. Each stock of cattle was designated by different mark and brand. At the final hearing on bill, answer and report of the special master, the chancellor found Lizzie Barber, Dusty Barber, Betty Barber, Isaac Barber, Jack Barber, and Ransom Barber each to be the owners of an undivided one-sixth interest in the real estate.

The chancellor also found said parties to be each the owners of an undivided one-sixth interest in that certain stock of cattle which for convenience we designate Stock One marked crop split, upperbit in one ear, underslope, split in the other ear, branded JO. He found and adjudged that certain stock of cattle, which for convenience we designate Stock Two marked split underbit in one ear, undersquare upperbit in the other and branded P *fleur de lis* (P-F) to be the property of Ransom Barber and that certain stock of cattle which for convenience we designate Stock Three marked crop split upper and under bit in each ear, branded Bar IL (IL) to be the property of Jack Barber. The final decree further dissolved the temporary restraining order which had been previously granted. This appeal is from that part of the final decree dissolving the temporary restraining order and adjudging the stocks of cattle designated Stocks Two and Three as last described to be the property of Ransom and Jack Barber.

It is first contended that when the chancellor found that the stocks of cattle designated Stocks Two and Three were not the undivided property of all the parties hereto as was the land and stock of cattle designated Stock One, he should

have dismissed the bill of complaint for the purpose of permitting the title to said cattle to be adjudicated in an action at law.

All the parties hereto are brothers and sisters, heirs and devisees of Frank and Aggie Barber, deceased. The purpose of the suit was to partition or divide the estate of the latter. The rule is well settled in this state that an incomplete decree in equity will not be entered. When equity has taken hold, it will adjudicate the whole controversy and render a complete and effective decree adjusting the rights and equities of all the parties. There must of course be an equitable cause but once having assumed jurisdiction of any cause, a court of equity will retain it until the rights of all the parties have been adjudicated even though some of them are purely legal and unconnected with equitable considerations would be triable only in a court of law. Hitchcock, v. Mortgage Securities Corp., 95 Fla. 147, 116 So. 244; Gracy, et al., v. Fielding, 71 Fla. 1, 70 So. 625, 20 R. C. L. 727.

The rule as thus approved is supported in this case by Sections 3202 to 3210 Revised General Statutes of 1920, Sections 4999 to 5002 Compiled General Laws of 1927, both inclusive. Said statutes being the law governing the conduct of partition suits, clearly contemplate that when such suits are instituted, all question of the right and interest of the parties to the *res* whether realty or personal property or both shall be finally settled and adjudicated. Otherwise a multiplicity of suits will be necessitated.

The second question with which we are confronted is whether or not the ownership of the two stocks of cattle designated as Stocks Two and Three adjudicated to be Ransom and Jack Barber's respectively were proven by competent and sufficient evidence to be owned by them.

It is contended that on this issue, the evidence of Ransom and Jack Barber was incompetent and inadmissible under Section 2705 Revised General Statutes of 1920, Section 4372 Compiled General Laws of 1927, as it involved a contract with Frank Barber, deceased.

Section 4372 Compiled General Laws of 1927 has been examined and we have reached the conclusion that Ransom and Jack Barber were not excluded from testifying by it.

They were within the exception noted in the concluding part of the statute but even if their testimony was incompetent, the record discloses ample other testimony of disinterested witnesses to support the final decree on this and other points.

The third and last question urged is that even if Frank Barber made a gift of the stocks of cattle designated Two and Three to Ransom and Jack Barber, the gift was never consummated by delivery and was ineffective to convey title.

The question of delivery is determined largely by the nature and locality of the article or articles given. The gift involved in this case was two stocks of range cattle. Manual delivery under such circumstances would be difficult if not quite impossible in many cases. When that is the case, constructive delivery will be recognized and approved by this court if conclusively proven.

It has long been the practice of cattle men in the southern part of this state to start each child a stock of cattle by giving him a cow and calf or a few cows and calves and vesting each child with a separate mark and brand. The evidence shows that Ransom and Jack Barber came in possession of Stocks Two and Three in such a manner. It is further shown that for years before his death, Frank Barber recognized these two stocks of cattle as belonging to Ransom and Jack and that they had mortgaged them

and used them as their own in other respects. It was also proven by ample evidence that they were claimed and owned by Ransom and Jack Barber.

The fact that they were handled with and were found on the same range with the stock designated One adjudicated as belonging to the estate of Frank Barber is not material. Some of them were doubtless at one time a part of Stock One. Different stocks are frequently found intermingled occupying the same range under the same management, recognized exclusively by mark and brand.

Finding no reversible error, it follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.