ALLEN, Chief Judge.
The appellants appeal from a decision of the county judge which upheld the validity of the will of Lottie A. Hilton Grant. Tal-madge Grant was the chief beneficiary under the will.
Lottie A. Hilton, the deceased, died on December 5, 1958. Her closest blood relatives at the time of her death were a sister, Bell Allen, and a brother, R. D. Dossett. She had been divorced some ten years previous to her death from Talmadge Grant, the appellee, although she and Grant continued to live together as husband and wife.
*561 A petition was filed to revoke the probate of the will and extensive testimony taken before the probate judge.
This is the second appearance of this case in this court. Originally an appeal was taken to the circuit court and a motion to dismiss the case on jurisdictional grounds was granted. The appellants made a motion to transfer the case to the Second District Court of Appeal. The circuit court did not rule on the motion to transfer but granted the motion to dismiss. This Court, on certiorari, directed the circuit court to transfer the case to this Court. 117 So.2d 86S.
The decedent and Talmadge Grant were divorced November 23, 1948, and according to the testimony in this record, they continued to live as husband and wife subsequent to the divorce.
The appellants earnestly contend that they established from the testimony of a handwriting expert that the will was a forgery. The appellee adduced the testimony of the attorney who drew the will and also his secretary, both of whom testified that they saw the deceased sign the will. The trial judge on this disputed testimony ruled with the appellee and this court holds that it was within the province of the trial judge to accept the credible testimony of the two eyewitnesses over that of a handwriting expert.
The appellants state the following question:
“Whether the trial court committed reversible error in refusing to permit the petitioners to testify to prior voluntary expressions and statements made by testatrix concerning her intentions in regards to the disposition of her property upon her death; notwithstanding the executor and principal beneficiary under the will had prior thereto testified to purported statements made by the testatrix concerning her intentions to give her property to the principal beneficiary under the contested will.”
Under the testimony in this case the above question would have to be answered in the affirmative had not the appellants themselves called the executor and appel-lee to the stand to testify as an adverse witness. In response to questions from the counsel for the appellants, the appellee made statements that in effect would have waived the dead man’s statute and permitted the brother and sister to testify to statements of the deceased that would have been beneficial to them.
Section 90.0S, Florida Statutes, F.S.A., often called the dead man’s statute, provides the following exception:
“ * * * but this prohibition' shall not extend to any transaction or communication as to which any such executor, administrator, heir at law * * shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence.”
In the case of Mayer v. Mayer, Fla. 1951, 54 So.2d 105, which was a suit between the heirs and the widow to determine the nature of her interest in certain realty of the deceased husband, the Court held that the widow was not disqualified from testifying concerning the transactions and communications with the deceased husband about the title to involved realty, in view of the fact that the heirs testified first as to what the deceased told them about the ownership of involved property.
The Superior Court of New Jersey, Law Division, in the case of Lindner v. First Nat. Bank & Trust Co., 1950, 9 N.J.Super. 569, 76 A.2d 49, 50, discusses the effect of parties who are precluded from testifying themselves calling an adverse witness and questioning him about transactions with the deceased. In its opinion the Court said:
“This construction of the statute, so sound on principle, has indeed been the holding of the New Jersey courts as far *562 back as 1879, where Chancellor Runyon said: ‘Clearly, the act will not admit of the construction that a party sued in a representative capacity cannot be required to give testimony as a witness for the opposite party, when called by that party. It was not intended to deprive a party of the testimony of his adversary as a witness for him in the cause where the latter is sued in a representative capacity. His so calling him, however, will not render his own testimony competent in the cause, and that is what was decided in Hartman v. Alden, 5 Vr. 518 [34 N.J.Law 518] * * *.’ Daw v. Vrceland, 30 N.J.Eq. 542 (Ch.1879). Not only so, but, as stated by the Chancellor in the above case, even when the representative party is thus compelled to testify, his testimony, as so compelled, does not permit the party adverse to him to testify, since the representative was not ‘called as a witness in his own behalf.’ Hartman v. Alden, supra, (E. & A. 1870).
% * * * * *
“ * * * Such being the case, even if plaintiff here compels the defendant representative to answer these interrogatories, and same are used in evidence at the trial, as distinguished from being used as mere discovery, such use will not open the door for plaintiff to testify at the trial as to his version of the transaction. In short, to compel the defendant representative to answer the interrogatories propounded will in nowise run counter to the purpose of the statute in question, but will, on the contrary, lessen the above evil, which the statute so often draws in its wake.”
Since the appellants questioned the executor as an adverse witness and thus enabled him to testify to matters adverse to the appellants’ interest, this would not preclude the executor on his own behalf from objecting to testimony of the appellants which they were not privileged to give unless waived by him.
We have examined other questions presented by the appellants but do not find that the ruling of the lower court constituted reversible error.
Affirmed.
KANNER, J., and SPOTO, I. C., Associate Judge, concur.