PEARSON, Judge.
This interlocutory appeal presents a question which appears to be without controlling precedent in Florida. It is: Does Section 90.05 Fla.Stat., F.S.A., ordinarily referred to as the “dead man’s” statute, grant a privilege to an heir or survivor to refuse to testify as to the handling of the assets of his decedent when called as an adverse witness by the personal representative of the deceased in an action by the personal representative against the heir or survivor to recover assets of the deceased? We hold that the statute does not grant a privilege to an heir or survivor to refuse to testify under the circumstances stated.
The question arose in the following manner. A complaint in equity was brought by Eldon L. Boyce, as administrator of the estate of Lulu Bell Reif, deceased, against Ad-dabelle Disbro and others for an accounting of disbursements from a joint bank account in the name of the deceased and some of the defendants with rights of sur-vivorship. In addition, the complaint sought judgment for the amounts allegedly withdrawn from the bank account and expended or divided by the defendants. Extensive testimony was taken and the chancellor entered an interlocutory decree holding that the plaintiff-administrator was entitled to the balance remaining in said account and that the plaintiff was further entitled to an accounting by the defendants as to the funds withdrawn. During the trial of the issue of plaintiff’s right to an accounting, certain of the defendants who were heirs at law and certain of the defendants who claimed the right of sur-vivorship in the bank account were called by the administrator as adverse witnesses and questioned about transactions which re- *758 suited in the creation of the bank account and the disposition of the funds withdrawn therefrom, both during- the lifetime of the deceased and after her death. At the beginning of the trial the defendants raised the objection that as heirs and survivors of the deceased they could not be required to testify as to any transaction with the deceased. The chancellor denied the objection.
The statute in question reads as follows:
“Witnesses; as affected by interest. — No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence.” Section 90.05, Fla.Stat., F.S.A.
Certain facts are undisputed and are set forth without discussion. They are: 1) The defendants urging the objection were “heirs” or “survivors” within the meaning of the statute. 2) They had an interest in the subject matter of the litigation. 3) Defendants’ testimony concerned a transaction with the deceased. 4) Finally, defendants were called as adverse witnesses by the personal representative of the estate of the deceased.
It appears that the language of the statute applicable to this case, reduced to its essentials, is to the effect that no person interested shall be examined as a witness against an heir at law or survivor.
Several Florida cases have dealt with the purpose of the statute. In Mayer v. Mayer, Fla.1951, 54 So.2d 105, 106, it was pointed out that:
“The effect of the statute, Section 90.05, supra, was to modify the common law rule that all persons interested in the outcome of a suit were disqualified from testifying therein. The statute operated as a removal of this common law disability except in those cases wherein one of the parties of a transaction or communication was, at the time of the trial, dead, insane or a lunatic. The purpose of the statute was to prohibit an interested party from gaining an advantage over his adversary by being examined concerning transactions and communications which he had with a person who ‘at the time of such examination’ was dead, ‘insane or lunatic’. It is only just, fair and equitable in a case such as this wherein death has sealed the lips of one party, that the law should as effectively silence the voice of the other. However, the salutary provision of the statute may be waived by those to whom it affords protection — heirs at law are included in such group. In re Thompson’s Estate, 145 Fla. 42, 199 So. 352 and cases cited therein. See also Doing v. Riley, 5 Cir., 176 F.2d 449.”
Similar language is found in Jensen v.. Lance, Fla.1956, 88 So.2d 762, 764:
“The purpose of the statute' was to remove the ‘stringent’ common-law *759 inhibition against testimony by a person ‘ “interested in the event” of a suit * * *. ’ Adams v. Board of Trustees of Internal Impr. Fund, supra. The reason for the exception, that such person could not, however, testify about a transaction between him and a person deceased, was to prevent the former from taking advantage of his adversary by giving testimony that could not be refuted because the other party to the transaction had died.”
As summarized by Drew, Chief Justice, in a dissent in the last cited case: “The statute was designed as a shield — not as a sword”.
The Supreme Court of Florida has also pointed out that our statute affecting the qualification of witnesses to testify as to transactions between them and one deceased originated in the State of New York. Rich v. Hunter, 135 Fla. 309, 185 So. 141; McMullen v. St. Lucie County Bank, 128 Fla. 745, 175 So. 721. In these cases our court lias looked to the interpretations given the comparable statute by that state.[1]
The New York courts have consistently held that an heir or survivor may be examined as an adverse witness in an action “brought by the representative of the deceased. The reasoning followed is set forth in Butler v. Richardson, 31 App.Div. 281, 52 N.Y.S. 756, 758.
“ * * * There is no rule of law which makes the testimony of a party to an action incompetent as to transactions between that party and the deceased when examined on behalf of the representatives of the deceased; and the object sought to be attained by the statute which prohibits a party from being examined as to declarations of the deceased on his own behalf has no application where the examination is sought at the instance of the representatives of the deceased. If the .plaintiff desires to call the defendant to examine her as to the source of her title to this property held by her, there is no legal objection to such an examination, and because the law for the protection of estates prohibits a party having a claim against an estate from testifying in his own behalf, if the representatives of the estate are willing to waive that right to object to such an examination, and call the person making such a claim as a witness on behalf of the estate, it is certainly no reason to refuse to permit such an examination because the witness would not be competent to give testimony as to personal transactions with the deceased on his own behalf.”
Accord, In re Anna’s Estate, 248 N.Y. 421, 162 N.E. 473; In re Hayden’s Will, 261 App.Div. 103, 24 N.Y.S.2d 608.
An excellent statement setting forth the reasons for admitting an interested witness’ testimony where his testmony is ad *760 verse to his own interest is found in Ehmke v. Hill, 236 Minn. 60, 51 N.W.2d 811, 816.
“It is to be noted that the rule at common law which disqualified a witness as incompetent was bottomed on his interest in the outcome of the litigation. When dead man’s statutes were enacted as an exception to the complete abolition of the common-law rule, it is strikingly clear that the purpose of the law-making bodies was to prevent a witness' — -who stood little chance of discovery — from fabricating, falsifying, and perjuring himself to promote his own interest. Without question, the legislative purpose was only to seal the lips of those whose personal and immediate interest in the issue litigated might tempt them to give false testimony of a self-serving nature. Where a witness testifies adversely to his own interest, all motive for a self-serving falsification is absent, and no statutory purpose is served by excluding his testimony. It follows that, pursuant to a fair and reasonable construction of the dead man’s statute, § 595.04, to accomplish its entire purpose as intended by the legislature, any person, whether he be a party to the action or not, and even though he has some pecuniary, legal, certain, and immediate interest in the event of the action with respect to the issue to which his testimony relates, is competent to testify when his testimony is adverse to Ms own interest.”
While several well-reasoned cases hold to a contrary view we believe that the majority and the more persuasive cases are in accord with the view we have followed.[2] The District Court of Appeal of Florida, Second District, has recently considered an allied question in In re Estate of Grant, Fla.App.1960, 123 So.2d 560. In that case it was held that where the appellants as petitioners to revoke a will called the personal representative as an adverse witness, the testimony of the personal representative as to privileged matters did not constitute a waiver of his privilege under the dead man’s statute to exclude the testimony of the petitioners as to transactions with the deceased. Thus it is apparent that the privilege which the defendants claim is not lost by their compelled testimony, as ably set forth in the reasoning of the Grant case, supra.
The court, therefore, committed no error in ruling that the dead man’s statute does not preclude the testimony of heirs when called as adverse witnesses.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. The statute in New York is as follows: “Personal transaction or communication between witness and decedent or lunatic. Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor, administrator or survivor of a deceased person or the committee of a lunatic, or a person deriving his title or interest from, through or under a de•ceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence, concerning the same transaction or communication. A person shall not be deemed interested for the purposes of this section by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof * * Civil Practice Act, § 347.

. See the cases, which are somewhat analogous to the instant case, in the annotation commencing at 42 A.L.R.2d 578. Also see the cases cited at 97 C.J.S. Witnesses §§ 232, 235.