139 So.2d 506 (1962)
Andy BORDACS, As Executor of the Estate of Gladys Bordacs, Deceased, Appellant,
v.
Carolyn V. KIMMEL, Appellee.
No. 61-362.
District Court of Appeal of Florida. Third District.
April 3, 1962.
Rehearing Denied April 23, 1962.
*507 Shevin, Goodman & Holtzman and J.H. Kaiser, Miami, for appellant.
Claude Pepper and Albert Harum, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
BARKDULL, Judge.
In this appeal, the appellant-defendant seeks review of a final decree of specific performance and urges many points for consideration.
The primary question to be determined by this appeal is: Did the appellant waive the provisions of § 90.05 Fla. Stat., F.S.A. [commonly known as the "dead man's statute"] by using the depositions of the appellee in support of a motion for summary decree, not only for the purposes of the summary decree hearing but also for the purpose of the final hearing after the summary decree was denied? This question must be answered in the affirmative. The mere taking of a deposition will not waive the protection of § 90.05 Fla. Stat., F.S.A. See: Small v. Shure, Fla. 1957, 94 So.2d 371; 35 Fla.Jur., Witness, § 127. But, after a deposition is taken, if it is used in support or defense of a motion for summary judgment, the protection afforded by the statute is waived. Embrey v. Southern Gas and Electric Corp., Fla. 1953, 63 So.2d 258; Macknett v. Rogers, Fla.App. 1960, 119 So.2d 72. Once a waiver of the provisions of § 90.05 Fla. Stat., F.S.A., is made in a pending cause, it is waived for all further proceedings in the same action. 56 Am.Jur., Waiver, § 24; 92 C.J.S. Waiver p. 1069. Among the other points raised by the appellant is the sufficiency of the evidence to support the finding of a constructive trust, requiring the redelivery of the real property to the appellee. Viewing the evidence with the presumptions in favor of the prevailing party, as we must [Meola v. Sparks, 138 Fla. 364, 189 So. 408; Carolina Lumber Company v. Daniel, Fla.App. 1957, 97 So.2d 156; 2 Fla.Jur., Appeals, § 314], *508 it appears that the funds which purchased the property in question were earned solely by the appellee and that the appellee paid substantially all the mortgage payments on the property involved. These facts, coupled with the unrefuted testimony that at the time of the conveyance to the deceased the appellee received a deed of reconveyance [which became lost prior to the recording], clearly is sufficient evidence to support the finding of the chancellor that there was, in fact, a constructive trust requiring the reconveyance of the property to the appellee. The other points raised by the appellant have been examined and found to be without merit.
We therefore affirm the decree of the lower court granting reconveyance of the property involved to the appellee.
Affirmed.
PEARSON, TILLMAN, Chief Judge (dissenting).
The question of defendant's waiver of the benefits of the "Dead Man's Statute" appears to be governing on this appeal. Having held that the defendant waived the benefits of the statute (as the trial judge did and as affirmed here), the findings of the trial judge are sufficiently supported by the evidence. I have reached a different conclusion upon the question of defendant's waiver of the benefits of the statute, and I would remand the cause to the chancellor for a reconsideration of the evidence under what I consider to be the correct rule of law.
In order to set forth my conclusion it is necessary to give the background of the ruling as I understand it from the record.
1. The defendant took the deposition of the plaintiff for discovery purposes.
2. The defendant moved for a summary final decree. This motion contained no reference to the merits of the controversy and was limited as follows:
"* * * on the grounds that it affirmatively appears from the pleadings and depositions of the parties, heretofore filed in this cause, that there is no genuine issue as to any material fact which the rules of evidence would permit to be submitted, testified to, or offered at the time of the trial of this cause, and the Plaintiff failing therein the Defendant is entitled to a decree in his favor as a matter of law." (Emphasis added)
3. This motion for summary decree was denied by an order which read in part as follows:
"* * * during argument of counsel for defendant on Motion for Summary Decree said counsel having made reference to portions of the deposition of plaintiff concerning the transactions with the deceased, Gladys Bordacs, which transactions are the subject matter of this suit, and having thereby waived the protection of Florida Statute 90.05, * * *
"Ordered, Adjudged and Decreed:
"1. That Motion for Summary Decree is hereby denied, * * *."
It is clear from the motion of the defendant-appellant that the sole ground brought forward was the unavailability of evidence to support the plaintiff's case and that, therefore, a trial would be useless. The granting of the motion for summary final decree on any other ground would have been outside the motion of the defendant-appellant; therefore, its denial must be presumed to be upon the ground set forth in the motion.
The question then is: Must a defendant waive the benefits of the Dead Man's Statute in order to call to the court's attention, upon motion for summary decree, the fact that there is no evidence to prove plaintiff's case except that barred by the statute? It seems to me that the extension of the principle of waiver to cover this use of the deposition at a summary judgment proceeding is against the spirit of the summary judgment rule. The purpose of summary judgment *509 is to allow the chancellor to dispose of a case prior to trial, rather than to put the parties and the court to the expense of an unnecessary trial. I can think of no better way that the office of the rule can be exemplified than by preventing a trial at which the plaintiff would be unable to prove his case because of the existence of a rule of evidence.
I would therefore hold that the use of the plaintiff's deposition for the purpose of showing that no other evidence existed to the conversations which were claimed to be the basis of the action did not waive the benefit of the Dead Man's Statute upon the trial of the merits of the cause.