WIGGINTON, Acting Chief Judge.
The defendant, as executor of the last will and testament of Arthur M. Summers, has appealed a final money judgment entered upon a jury’s verdict in favor of plaintiff. Appellant has assigned thirty-five errors allegedly committed by the trial court in this proceeding, and has condensed his assignments into nine points of law argued in his brief.
It is appellant’s principal contention that the trial court erred in admitting into evidence over appellant’s objection testimony of interested witnesses regarding transactions or communications with the decedent, Arthur M. Summers, contrary to F.S. Section 90.05, F.S.A., popularly known at the “Dead Man’s Statute.” [1]
*721 It appears from the allegations of the complaint that the cause of action sued upon consisted of an indebtedness allegedly-owed plaintiff by the decedent prior to and at the time of his death, which indebtedness represented a loan evidenced by a check signed by appellee, endorsed and cashed by the decedent in the sum of $15,000.00 on which only a few payments had been made prior to decedent’s death. Appellant answered the complaint asserting among others the affirmative defense of statute of limitations and accord and satisfaction. Thereafter, appellant filed a motion for summary judgment. In opposition to this motion appellee filed her affidavit denying that the indebtedness sued upon had been paid and discharged by the decedent prior to his death, and averring that the loan to decedent forming the basis of the cause of action was evidenced by the check in the sum of $15,000.00 given to the decedent by appellee, a copy of which was attached to the affidavit. At the hearing on appellant’s motion for summary judgment appellee was examined as a witness, during the course of which she identified and there was offered in evidence before the court the check for $15,000.00 referred to both in appellee’s complaint and affidavit. Appellant made no objection to the introduction in evidence of the check, so it was received and filed in evidence by the court and marked as appellee’s exhibit 1 in the case.
Appellant’s motion for summary judgment was denied and the case proceeded to trial. During the trial appellee was called as a witness and testified in her own behalf. In the course of her direct examination her counsel announced to the court that the check described in the complaint which evidenced the loan forming the indebtedness sued upon had already been received in evidence by the circuit judge who heard the motion for summary judgment, and was thereupon reoffered as plaintiff’s exhibit 1. Parenthetically, the circuit judge who heard and ruled upon appellant’s motion for summary judgment was not the judge who presided at the trial. Appellant objected to the check being reoffered in evidence on the ground that it constituted a transaction with a person deceased, and was therefore inadmissible under the proscriptions of the dead man’s statute. The objection was overruled and the check filed in evidence by the court.
After appellee concluded her direct examination, she was cross-examined by appellant’s counsel. After completing his cross-examination covering matters testified to by appellee in chief, appellant’s counsel then propounded to appellee a series of questions which were related to but not covered by her direct examination. These questions concerned testimony given by her in her pretrial deposition, none of which had been touched upon by appellee in her direct examination. These questions were propounded for the apparent purpose of laying the predicate for impeaching appel-lee’s testimony, and for establishing appellant’s affirmative defense of accord and satisfaction. We have carefully examined the questions propounded to appellee by appellant’s counsel, together with the answers given thereto. It seems obvious, beyond dispute that appellant interrogated appellee extensively concerning transactions, and communications had by her with the decedent, none of which were in cross-examination of the testimony given by-appellee on her direct examination. It is. our view that appellant waived the protection of the dead man’s statute both by having failed to object to the check when it was offered in evidence at the hearing-on the motion for summary judgment, and by having examined appellee as to communications and transactions had by her-with the decedent, which questions were not in cross-examination of anything testified to by appellee on her direct examination.
In the case of Bordacs v. Kimmel[2] the-defendant offered in evidence in support of his motion for summary judgment the; *722 plaintiff’s deposition which contained testimony concerning communications and transactions had with the decedent whom defendant represented. The Third District Court of Appeal, speaking through Judge Barkdull, said:
“ * * * The mere taking of a deposition will not waive the protection of § 90.05 Fla.Stat., F.S.A. * * * But, after a deposition is taken, if it is used in support or defense of a motion for summary judgment, the protection afforded by the statute is waived. * * * Once a waiver of the provisions of § 90.05 Fla.Stat., F.S.A., is made in a pending cause, it is waived for all further proceedings in the same action.”
Although the identical factual situation in the Bordacs case is not present in the case sub judice, it is our view that when appellee testified at the hearing on appellant’s motion for summary judgment concerning the check in question, and the check was offered and received in evidence as appellee’s exhibit in the case without objection by appellant on the ground that it violated the dead man’s statute, appellant thereby waived the protection of the statute in all further proceedings of the cause. Likewise, when appellant proceeded to examine appellee on cross-examination concerning matters not covered on direct examination for the purpose of laying the predicate for impeachment, and to establish his affirmative defense of accord and satisfaction, which cross-examination concerned communications and transactions by appellee with the decedent, appellant again waived the protection afforded him by the dead man’s statute. Appellant’s actions in this regard are analogous to those which occurred in the case of Embrey v. Southern Gas & Electric Corp.[3] wherein the Supreme Court held:
« * * * A party for whose benefit or protection the disqualification (under the dead man’s statute) is erected, by calling and examining as a witness one who is incompetent to testify concerning transactions or conversations with the deceased, waives the incompetency of the witness with respect to matters concerning which he is examined and renders him competent as a witness against the examining party as to such matters. ‘If the incompetency of the witness exists only where a personal transaction with the deceased is involved, his examination as to such a transaction is a waiver of the incompetency in respect thereto, and entitles him to bring out not merely that part concerning which he was first interrogated; but all the facts regarding the transaction.’ 58 Am.Jur., Witnesses, Section 358.”
With regard to appellant’s point concerning the defense of the statute of limitations, our review of the record convinces us that the applicability of the statute contended for by appellant depended upon factual matters which' were in substantial dispute. The conflicts in the evidence regarding the applicability of the statute of limitations were resolved by the jury in favor of appellee under appropriate instructions by the court. It is our conclusion that no error was committed by the court in refusing to rule as a matter of law that the statute of limitations contended for by appellant was applicable to and barred the cause of action sued upon.
We have carefully considered the remaining points on appeal but conclude that appellant has failed to clearly demonstrate reversible error. The judgment appealed is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. “No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of Ms interest in the event of the action or proceeding, or because be is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom, any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; * *

. Bordacs, etc. v. Kimmel, (Fla.App.1962) 139 So.2d 506, 507.

. Embrey et al. v. Southern Gas & Electric Corp. et al., (Fla.1953) 63 So.2d 258, 263.