LILES, Chief Judge.
Plaintiff-appellee sued defendant-appellants in Chancery for the imposition of a constructive trust and for damages resulting from an alleged conversion of shares of stock. The trial judge found for the appellee and appellants appeal.
Appellee was the aunt and foster parent of decedent, R. Lee Boling. During his lifetime, Dr. Boling was reared and cared for by his aunt, Myrtle Barnes. He later became a successful physician with extensive business and financial affairs. After the death of her husband, appellee deposited $9,000 in a savings account in her name only, which was the proceeds from the sale of two homes belonging to appellee and her deceased husband. Subsequently, Mrs. Barnes changed the account to a joint tenancy with the right of survivorship in the names of Dr. Boling and herself. Shortly thereafter, acting on her nephew’s advice, $9,000 was withdrawn from the account and used to purchase 754 shares of Shareholders’ Trust of Boston. This stock was registered in the joint names of Myrtle Barnes and R. Lee Boling, with right of survivorship. As a result of this investment, Mrs. Barnes received $55.00 per month. Subsequently, Dr. Boling with Mrs. Barnes’ consent sold the Shareholders’ Trust stock and purchased shares of Chase Fund. These shares were registered in his sole name.
Thereafter, Dr. Boling mortgaged the Chase Fund shares to secure a loan with St. Petersburg Bank and Trust Company. Upon the death of Dr. Boling, Patricia P. Boling and St. Petersburg Bank and Trust Company were named executors of his estate.
*805 Upon learning that the Chase Fund shares were purchased in the sole name of the decedent, R. Lee Boling, Mrs. Barnes filed a claim against the estate which was denied. She then filed a suit in equity to impress a trust and to reclaim the Chase Fund shares. Plaintiff moved for a summary judgment and in support thereof filed affidavits. There was contained in her affidavit the following paragraph:
“The decedent, R. Lee Boling, assisted the affiant over the last ten (10) years in any business where financial matters with which she was concerned and the affiant reposed complete confidence and trust in him during his entire lifetime.”
The trial court denied appellee’s motion for summary judgment and the cause came on to be heard before the trial judge.
At the trial, evidence was attempted to be elicited from the plaintiff, who was the only witness regarding the assistance and advice afforded Mrs. Barnes by the decedent. This testimony was objected to as being barred by the so-called Dead Man’s Statute, F.S. § 90.05, F.S.A. The trial court ruled that since this information had been contained in the affidavit of the plaintiff in support of her motion for summary judgment that the objection thereto under the Dead Man’s Statute had been waived and that such a waiver continued throughout the proceedings. The trial judge allowed the testimony on this point. At the conclusion of the trial, he made a finding of fact and entered judgment for the plaintiff-appellee, Myrtle Barnes.
In the trial judge’s finding of fact, he based the same upon the case of Sessions v. Summers, Fla.App.1965, 177 So.2d 720. In this case the defendant had moved for a summary judgment. At the hearing on the motion for the summary judgment the plaintiff offered no objection to the check which clearly represented the transaction between plaintiff and decedent whose estate was a party to the action. The check would have been barred by the Dead Man’s Statute if an objection had been raised. However, since no objection was made to the introduction and evidence of the check, it was allowed to come in at this time. Subsequently during the hearing, the court held that a failure to object on the ground of Florida Statutes § 90.05, F.S.A., removed the protective cloak of the Dead Man’s Statute and that the defendants had waived the right to object and once having waived the waiver continues throughout every stage of the proceeding and can never be reinvoked.
The appellants attempt to distinguish the Sessions case, supra, from the case at bar on the following grounds: that the check was admitted through oral live evidence, that in the present case the evidence came in by way of affidavit in pursuit of a summary judgment, that there was no duty upon them to object to the affidavit or any part thereof, and that their remedy was to file counter-affidavits and not object to the sworn affidavits.
We cannot agree with appellants since we think the distinction attempted to be made by appellants is one without a difference and that testimony adduced by way of affidavits is testimony nevertheless, and that since appellants failed to object they waived their right at this stage in the proceedings and that the waiver continued throughout the proceeding as was held in Sessions, supra.
This objection is further buttressed by the decision in Bordacs v. Kimmel, Fla.App.1962, 139 So.2d 506. In this case a defendant had offered, in support of a motion for summary judgment, plaintiff’s deposition which contained testimony of communications and transactions between plaintiff and the decedent who was represented by the defendant. In that case it was held that the mere taking of a deposition does not waive the protection of the Dead Man’s Statute, § 90.05 F.S.A., but if that deposition is subsequently used in the hearing on summary judgment and is not objected to then the statute is waived. It *806 appears to us that the affidavit is even stronger as evidence than would be the deposition. In both Sessions, supra, and Bordacs, supra, as well as in the present case, the evidence would have clearly been admitted had it not been for the existence of the Dead Man’s Statute and because the protection of this statute was waived, the waiver continues throughout the proceeding. Therefore, the trial judge was correct in so ruling.
Appellants raise four additional points which we have carefully considered and find them to be without merit.
Affirmed.
PIERCE and MANN, JJ., concur.