**POMARS v. SPIRT.**

No. 71-C-2694.

Circuit Court, Palm Beach County.

January 3, 1974.

Howard Todd Jaffee of Douglas C. Kaplan & Associates, Holly-wood, for the plaintiffs.

Bruce E. Telander, Miami, and Francis J. Lawler of Peabody, Brown, Rowley & Storey, Boston, Mass., for the defendant.

LEWIS KAPNER, Circuit Judge.

This is a complaint by the estate of Harold Dwork, deceased, against Irene Spirt, in which the plaintiff executor claims that he was required to make good a promissory note which was executed by defendant, and signed by the decedent as an accommodating party.

Plaintiff has attached the note in question to his complaint and has made certain requests for admissions with respect to this note. Further, plaintiff has submitted certain interrogatories with respect to this note and has deposed defendant with respect to same. (However, the deposition has not been offered into evidence.)

By plaintiff's actions, above described, he has in effect waived the Dead Man's Statute, §90.05, Florida Statutes, and defendant may testify as to a transaction or communication with the deceased with respect to the note in question. See Small v. Shure, 94 So.2d 371; Sessions v. Summers, 177 So.2d 720; Herring v. Eiland, 81 So.2d 645; and Booth v. Cureton, 81 So.2d 662.

When defendant's testimony or affidavit is thus considered, an issue of fact exists. Plaintiff's motion for a summary judgment is therefore denied.