GRIMES, Judge.
This is an interlocutory appeal from an order of continuance which recites “that no final hearing in this cause (shall) be scheduled unless and until it is established to the satisfaction of the court that the respondent is able to attend and participate in a trial of this cause as well as being able to confer with her counsel in preparation for said final hearing.”
On July 26, 1974, the petitioner/husband filed a suit for dissolution on the ground that the marriage was irretrievably broken. The respondent/wife filed an answer in which she denied that the marriage was irretrievably broken. A nonjury trial was set for November 1, 1974. The wife moved for a continuance asserting that because of emotional problems she was unable to cooperate with her counsel at this time. The trial was continued until February 23, 1975. Apparently predicated upon a report from the wife’s psychiatrist, the trial was again postponed until June 13, 1975. At this point, the husband filed a motion for the appointment of a guardian ad litem. The wife then filed further motions for a continuance and for a stay, the gist of which being that she was now hospitalized in a psychiatric ward in St. Peters-burg and that due to her emotional state she could not confer with her attorneys or appear and testify at the final hearing.
Thereupon, an order was entered appointing Eula T. Mason, attorney at law, as guardian ad litem, “for the purpose of protecting the interest” of the wife. When the case came on for final hearing the court- entered the order of continuance from which this appeal is taken. In addition to postponing the case, the court ordered the parties to furnish monthly medical reports concerning the wife’s condition and her ability to proceed with the final hearing.
The husband’s position is that, rather than simply being a continuance, the order entered below amounts to an indefinite stay of the proceedings. He says that in view of the wife’s psychiatric problems dating back to 1966, there is no certainty that she will ever be in a position to go forward with the case. In addition to making certain arguments relating to the Dead Man’s Statute, which will be discussed below, the wife’s attorney contends that the husband has not shown any abuse of discretion in the granting of the continuance. The guardian ad litem, who is a personal friend of the wife, states that despite the wife’s objections, she is now convinced that the pendency of the divorce is preying on the wife’s mind to the extent that it would be in the wife’s best interest for the divorce to be granted, provided her financial interests were properly protected. Significantly, no one has suggested that the wife is mentally incompetent from a legal standpoint, and no declaration of legal incompetency has ever been sought or made. At oral argument; counsel advised the court that the wife was presently being treated on a voluntary basis at the state mental hospital in Arcadia.
*166 This is a tragic case for which the law provides no suitable remedy. Whether a trial shall be postponed is normally a question addressed to the sound discretion of the trial court. Yet, the terminology reflects that this order constitutes more than a temporary postponement. For all intents and purposes, the case is indefinitely stayed until such time as the wife’s mental condition reaches the point where she can participate at the trial, and there is no indication in the record how soon this may be expected to occur. As sympathetic toward the wife as we may be, life has to go on. The husband is entitled to have his day in court. Under the circumstances of this case, we hold that the court should schedule a final hearing and proceed with the case in such a manner as may be prescribed by law.
As a further ground for the propriety of the continuance, the wife’s attorney suggested that in its present posture the case should not proceed because the requisite grounds for divorce could never be proven. Thus, it was argued that only the parties to the marriage could establish whether it was irretrievably broken; that even if the wife could be called as a witness, she would deny it and the husband couldn’t speak on the subject because he would be testifying to a transaction with an incompetent person in violation of the Dead Man’s Statute. Fla.Stat. § 90.05 (1973). As the wife’s attorney correctly states, there is nothing peculiar about a suit for dissolution, as such, which precludes the application of the Dead Man’s Statute. Lorenz v. Lorenz, 1946, 157 Fla. 402, 26 So.2d 54. We recognize that a discussion of this argument is not essential to the determination of the point before us. Yet both parties have chosen to address themselves to this issue in the brief, and the attorneys have implied that the order of continuance may have been influenced by similar arguments in the court below. Therefore, we will make some comments directed to this point in the hope of facilitating the disposition of the case upon remand.
As the case now stands, we fail to see how the Dead Man’s Statute could be applicable. In the first place, the wife has never been legally determined to be “an insane person or lunatic” contemplated by the statute. There has been no “as-signee or committee” to act in her stead. The appointment of the guardian ad litem did not act as an adjudication of mental incompetency. Peppard v. Peppard, Fla.App.3d, 1967, 198 So.2d 68. To suggest the applicability of the Dead Man’s Statute to a party whose mental condition may have been put in question but who has not been declared legally incompetent would render the statute more of an enigma than it already is.
Furthermore, even if the wife were declared mentally incompetent before the final hearing so as to become a protected party under the Dead Man’s Statute, this would not mean that it couldn’t be proven that the marriage was irretrievably broken. The central inquiry in a dissolution proceeding relates to the state of mind of the parties toward the marriage relationship. Riley v. Riley, Fla.App.1st, 1972, 271 So.2d 181. The opinion of one of the parties that the marriage was irretrievably broken would not constitute testimony with regard to a “transaction” between the witness and his incompetent spouse. Of course, the statute might well come into play with respect to testimony upon other issues involved in the dissolution proceeding.
The order of continuance is reversed, and the case is remanded for further proceedings consistent herewith.
HOBSON, A. C. J., and BOARDMAN, J., concur.