**Gloria R. MATHEWS a/k/a Gloria Hines Mathews, Plaintiff,**

v.

**Ingrid Cremer HINES, Defendant.**

**No. 75–16–Civ–Oc.**

United States District Court,
M. D. Florida,
Ocala Division.

Jan. 26, 1978.

Andrew G. Pattillo, Jr., Pattillo, MacKay & McKeever, Ocala, Fla., for plaintiff.

Robert G. Bamond, St. Petersburg, Fla., for defendant.

## OPINION

CHARLES R. SCOTT, District Judge.

This case is brought under diversity-of-citizenship jurisdiction, concerning a matter in dispute valued at more than $10,000.00, pursuant to 28 U.S.C. § 1332. Plaintiff, a resident of the State of Alabama, is the daughter of the decedent in this case. Defendant, a resident of the State of Florida, was the wife of the decedent at the time of his death. The decedent died on November 14, 1974.

Plaintiff alleges that between October, 1974, and November 14, 1974, when the decedent died, he transferred real and personal property, including his interest in pension and retirement funds payable at his death, to defendant. These assets, but for those transfers before his death, would have been distributed as part of the assets of the decedent's estate under the testamentary provisions of his will. Plaintiff alleges that, because of the transfers, her share as a devisee under the will was greatly diminished. Additionally, plaintiff alleges that the transfers were made on express and implied promises by defendant to the decedent that defendant would pay plaintiff $100,000.00 from out of the pension and retirement funds. Plaintiff asserts that defendant has been unjustly enriched and has breached her promise to the decedent of which plaintiff was a third-party beneficiary. Plaintiff seeks injunctive relief, specific performance of the third-party beneficiary promise, the imposition of a constructive trust for plaintiff's benefit, voidance of the transfers prior to the decedent's death, damages and attorney fees.

On July 11, 1975, and again on January 19, 1976, plaintiff deposed defendant by oral examination in accordance with Fed.R. Civ.P. 30. At those depositions, defendant refused to answer questions asked her about communications made by the decedent to her that involved the conveyances and transfers which are the subject matter of this case. Defendant's refusal to answer the questions asked was premised upon Fla. Stat. § 90.05, known as 'the Dead Man's Statute'. Because of defendant's refusal to answer the questions on the basis of this purported statutory privilege, plaintiff filed a motion for an order compelling defendant to answer those questions. The question presented by that motion was whether the

surviving widow and donative transferee of a decedent is protected from having to answer questions about communications with the decedent involving the transfer transactions, when the party asking the questions is the heir at law of the decedent and a claimant to part of the res transferred by the decedent.

 The statute, Fla.Stat. § 90.05,[1] forbids the testimony by any party, interested person, or person through whom a party or an interested person makes a claim, from testifying against a person in a representative capacity for the decedent, concerning transactions or communications with the decedent. The intended effect is not to restrict the admission of testimony, but to protect against self-serving testimony that is otherwise unexaminable and uncontestable. The purpose of the Dead Man's Statute is "to prevent any person who might directly benefit from such testimony from giving testimony as to transactions with the deceased." *Gay v. McCaughan*, 272 F.2d 160, 163 (5th Cir. 1959). The statute precludes surviving parties to a transaction or communication with the deceased from gaining the benefit of their testimony concerning the transaction or statement under such circumstances since the representative of the decedent is deprived of his version of the transaction or statement.

The statute applies to persons interested in the event of the action and operates as a bar to their testimony as to transactions and communications between them and the deceased person. *Clark v. Grimsley*, 270 So.2d 53, 56 (1st D.C.A. Fla. 1972).

The statutory privilege contains four essential elements: (1) two classes of persons, (a) those prohibited from testimony and (b) those protected against testimony; (2) a legally recognized interest by persons prohibited from testimony; (3) transactions or communications between such persons and a decedent that are involved in a case; and (4) a representative capacity by those persons protected against testimony.

The class of persons prohibited from testimony regarding transactions or communications with a decedent, because of their interest, are parties, other persons with legally recognized interests, and persons through whom parties or other persons with legally recognized interest derive their claims of interest or right. The class of persons protected from testimony against them in their representative capacity, concerning transactions or communications with a decedent, is comprised of executors or administrators of a decedent's estate, a decedent's heirs at law, next of kin, assignees, legatees or devisees under a will, and survivors.

 Only if a person has a legally recognized interest is he a member of a class of persons prohibited from testimony by the Dead Man's Statute. A legally recognized interest is necessary for the statutory bar to apply. *Broward Nat'l Bank v. Bear*, 125 So.2d 760, 762 (2d D.C.A. Fla. 1961). The kind of interest recognized by law as precluded under the Dead Man's Statute is a claim of right or title against a decedent or his estate. The longstanding test for interest that would bar a witness from testifying, under Florida law, is two fold: (1) if a witness will directly benefit from the outcome of litigation by the operation and effect of a judgment, or (2) if the record in

---

1. Fla.Stat. § 90.05 provides

No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, . . . against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, . . . but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person . . . shall be given in evidence.

the litigation can serve as legal evidence for or against the witness in some other litigation, he has a legally significant interest. *Fields v. Fields*, 140 Fla. 269, 191 So. 512, 514 (1939); *Clark v. Grimsley*, 270 So.2d at 56; *Broward Nat'l Bank v. Bear*, 125 So.2d at 762. Such an interest, however, must be vested at the time of the decedent's death, and not a right that will become vested later. *Helms v. First Nat'l Bank of Tampa*, 28 So.2d 262, 263 (Fla.1947).

It must be present, certain, and vested interest, and not an interest uncertain, remote, or contingent. *Fields v. Fields*, 140 Fla. 269, 191 So. at 514; *see Clark v. Grimsley*, 270 So.2d at 56; *Broward Nat'l Bank v. Bear*, 125 So.2d at 762.

Examples of such legally recognized interests are heirs having a joint bank account with a decedent so that there was a right of survivorship, *Disbro v. Boyce*, 124 So.2d 756 (3d D.C.A. Fla. 1960); a surviving widow claiming an intestate inheritance by means of such survivorship, *Rance v. Hutchinson*, 131 Fla. 460, 179 So. 777 (1938); an alleged widow of a common-law marriage with a decedent, *Catlett v. Chestnut*, 107 Fla. 498, 146 So. 241 (1933); purported devisees under a decedent's will, *Martel v. Carlson*, 118 So.2d 592 (3d D.C.A. Fla. 1960); and obligor on a note to a decedent, claiming payment of the note, *Broward Nat'l Bank v. Bear*, 125 So.2d 760 (2d D.C.A. Fla. 1961); heirs at law of an intestate decedent should the will be invalid, who sought to testify concerning the authenticity of letters from the decedent to show the invalidity of his will, *Mathews v. Mathews*, 177 So.2d 497 (2d D.C.A. Fla. 1965). On the other hand, in *Mathews v. Mathews, supra,* the testimony by a sister-in-law about the authenticity of the letters tending to show the invalidity of the decedent's will was not by a person with a legally recognized interest; neither was a beneficiary of a decedent's life insurance policy where the right to such proceeds had not vested at the time of the decedent's death, *Helms v. First Nat'l Bank of Tampa*, 28 So.2d 262 (Fla. 1947).

The terms "transaction" or "communication" have not been clarified with any referential specificity under Florida law. *Broward Nat'l Bank v. Bear*, 125 So.2d at 761.

It has been said that whatever may be done by one person affecting the rights of another out of which a cause of action may arise constitutes a transaction. *Id.*

The Supreme Court of Florida has partly defined "transaction" and "communication" as including

. . . every variety of affairs which can form the subject of negotiation, interviews, or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. *Embrey v. Southern Gas and Elec. Corp.*, 63 So.2d 258, 263 (Fla.1953); *Broward Nat'l Bank v. Bear*, 125 So.2d at 761–62.

More particularly, the Florida Supreme Court has specified that "transaction" means

. . . the doing or performing of any business, the management of an affair, the adjustment of a dispute between parties by mutual agreement. *Fields v. Fields*, 140 Fla. 269, 191 So. at 515.

Hence, the effect of the Dead Man's Statute is not to restrict a witness from testimony generally, but only to preclude his testimony upon certain specific subjects: transactions or communications with the decedent. *Id.* Some of the matters included within the meaning of the words "transactions" or "communications" are the payment or non-payment of an obligation to a decedent, *Broward Nat'l Bank v. Bear, supra*; the fact of whose consideration paid for land and whose property it legally was, *Booth v. Lanox*, 45 Fla. 191, 34 So. 566 (1903); an alleged promise by a decedent to devise in his will to someone, *Martel v. Carlson*, 118 So.2d 592 (3d D.C.A. Fla. 1960); an alleged common-law marriage, *Catlett v. Chestnut*, 107 Fla. 498, 146 So. 241 (1933); and a transfer by assignment of a chose in action by a decedent to her husband to be held in trust for their children, *Rance v.*

*Hutchinson*, 131 Fla. 460, 179 So. 777 (1938). However, a condition of a marriage, whether it was irretrievably broken, is not what is meant by "transaction" or "communication". *Byers v. Byers*, 324 So.2d 164 (2d D.C.A. Fla. 1975). Neither are a decedent's injuries and the efforts by his wife to get him to undergo surgery. *Dixie Laundry v. Wentzell*, 145 Fla. 569, 200 So. 860 (1941).

In order to be a member of the second class of persons, those protected from testimony by interested witnesses, a claim or an action must be against that person in his representative capacity, and not against him personally. *McDougald v. Couey*, 150 Fla. 748, 9 So.2d 187, 188 (1942); *Coleman v. Davis*, 106 So.2d 81, 85 (1st D.C.A. Fla. 1958). For example, a widow asserting dower rights, or statutory elective rights, against a decedent's estate is a survivor of the decedent and therefore a member of the class of protected persons under the Dead Man's Statute. *Coleman v. Davis*, 106 So.2d at 85. In contrast, however, the owner of a car in which the decedent was the driver and the plaintiff was injured was not a survivor of the decedent, and therefore not a member of a class of persons protected by the statute. *McDougald v. Couey, supra.* Often a person is a member of both classes under the statute: those protected against testimony, and those precluded from testimony. Such persons are claimed against in their representative capacity in a lawsuit, but also possess a claim of right or interest against a decedent or his estate. In other words, the same conditions that create representative capacity for a person also confer interest upon that person. In such circumstances, the person who is a member of both classes under the statute (1) is free to testify on his own behalf concerning transactions or communications with the decedent, *Barber v. Barber*, 128 Fla. 645, 175 So. 713, 715 (1937); but (2) such testimony may waive his protection and objection under the statute against testimony about transactions or communications with the decedent. *Macknet v. Rogers*, 119 So.2d 72, 73–4 (2d D.C.A. Fla. 1960).

The ultimate question raised by the plaintiff's motion to compel in this case is whether plaintiff is barred by the Dead Man's Statute from questioning defendant at a deposition upon oral examination concerning the transactions and communications at issue in this case. The general rule of law is that the mere taking of testimony in deposition is not a waiver of the protection of the Dead Man's Statute and is not included in the prohibition of the statute. *Small v. Shure*, 94 So.2d 371, 374 (Fla.1957); *Herring v. Diland*, 81 So.2d 645, 647–48 (Fla.1955); *Embrey v. Southern Gas and Elec. Corp.*, 63 So.2d 258 (Fla.1953); *Catlett v. Chestnut*, 117 Fla. 538, 158 So. 418, 420 (1935); *In re Estate of Bechtel*, 348 So.2d 927, 929 (1st D.C.A. Fla. 1977); *Bordacs v. Kimmel*, 139 So.2d 506, 507 (3d D.C.A. Fla. 1962). Therefore, the easy and short answer to defendant's objection is that there is no waiver of, or bar by, the Dead Man's Statute against plaintiff taking defendant's deposition. However, plaintiff may wish to use that deposition in court proceedings in this case, and the question of bar and waiver of the Dead Man's Statute will inevitably be raised. Consequently, the Court will set forth the pertinent Florida law concerning the use of depositions and the effect upon the privilege against testimony provided by the Dead Man's Statute.

Although mere discovery proceedings in which an interested person testifies will not waive the protection of the Dead Man's Statute, use of the discovery product in court proceedings can constitute a waiver. If the discovery product is offered in evidence at trial, it will waive the objection and protection of the Dead Man's Statute. *Small v. Shure*, 94 So.2d at 374; *Catlett v. Chestnut*, 117 Fla. 538, 158 So. 418, 420 (1935). Similarly, use of the discovery product in support or opposition for consideration of a summary judgment motion will constitute a waiver of the statutory privilege. *Herring v. Diland*, 81 So.2d 641, 647–48 (Fla.1955); *Embrey v. Southern Gas and Elec. Corp.*, 63 So.2d at 262; *In re Estate of Bechtel*, 348 So.2d at 929; *Bordacs v. Kimmel*, 139 So.2d at 507. Failure to raise the statutory privilege, by timely

objection, will also constitute a waiver. *Sessions v. Summers*, 177 So.2d 720, 721, 722 (1st D.C.A. Fla. 1965). "Once a waiver of the provisions of [the Dead Man's Statute] is made in a pending cause, it is waived for all further proceedings in the same action." *Bordacs v. Kimmel*, 139 So.2d at 507. *See Grayson v. Fishlove*, 266 So.2d 38, 39 (3d D.C.A. Fla. 1972).

The Dead Man's Statute is not a limitation on legitimate cross-examination; but it is a bar against direct testimony by interested persons concerning transactions or communications with the decedent in a case against a person with representative capacity, unless that bar is waived. The distinction between direct examination or examination beyond the scope of legitimate cross-examination, and legitimate cross-examination is crucial for determining whether the statutory privilege applies and whether it has been waived. *Embrey v. Southern Gas and Elec. Corp.*, 63 So.2d at 263. Unless there is a waiver, an interested witness on direct examination is barred from testifying about transactions or communications with the decedent in an action against a member of a class of persons protected by the statute. A person who is a member of a class of those protected by the statute, because of his representative capacity, will waive the statutory protection if he testifies on his own about the transaction or the communication between the decedent and the interested witness which is at issue in the case. That waiver will then permit the interested witness, otherwise prohibited by the statute from testifying, to give his version of the transaction or communication with the decedent.

*Booth v. Lenox*, 45 Fla. 191, 34 So. 566 (1903), was a case involving a plaintiff and defendants who were members of both classes to which the Dead Man's Statute applies: persons precluded from, and persons protected against, testimony. The widowed plaintiff had purchased lots of land with her own money and property. However the title deed had been executed in her husband's name, contrary to her own desire and consent. Throughout the de-

ceased husband's lifetime, he had repeatedly asserted that the property belonged to his wife. There were several witnesses who, at trial, testified that the property had been purchased by the widow's money. At the trial, however, some of the defendants who were heirs at law of the decedent testified that the deceased husband had paid for the property with his own money. Being heirs at law, those defendants were both parties interested in the outcome of the case, and persons protected against testimony because of their representative relationship to the decedent. The plaintiff, as a surviving spouse of the deceased husband, was both an interested party to the litigation as well as a person in a representative relationship to the decedent and therefore protected by the statutory privilege. When the defendant-heirs testified concerning the transaction at issue in the case, they waived their protection, and the bar against the plaintiff-widow's testimony, that the Dead Man's Statute affords. Consequently, the plaintiff-widow was no longer prohibited from testifying concerning her version of the transaction—the use of her earnings by her deceased husband to purchase the land in question. *Id.* at 569.

Ordinary cross-examination is not restricted by the bar of the Dead Man's Statute. Just because a person who has a legally recognized interest under the statute testifies in a case does not mean that a party who is protected by the statutory privilege cannot cross-examine that interested witness concerning matters within the scope of direct examination. *Cf.* Fed.R. Evid. 611(b). However, if the protected party questions the interested witness about matters beyond the scope of direct examination; and if those matters involve transactions or communications with the decedent to whom the protected party bears a representative relationship; then the protected party has waived the bar of the Dead Man's Statute prohibiting the interested witness from testifying about those transactions and communications. *Sessions v. Summers*, 177 So.2d 720 (1st D.C.A. Fla. 1965), was such a case. The plaintiff was

the obligee of a note by the decedent. The defendant was the executor of the decedent's estate. The plaintiff-obligee sued the executor to recover the loan on the note in the amount of $15,000.00. The executor filed a summary judgment motion. At a hearing on that motion, the plaintiff-obligee testified and identified a check in question that purported to be satisfaction of the debt. The executor did not object, and the trial court denied the summary judgment motion. Later, at trial, the check was re-offered and admitted into evidence and the plaintiff-obligee testified once again. On cross-examination, the executor attempted to impeach the plaintiff-obligee by interrogating about matters not included in the scope of direct examination. One of those matters was the deposition testimony of the plaintiff, which involved the transaction in question with the decedent. The executor also asked those questions about the plaintiff's deposition in order to meet his own burden of proof in his affirmative defense of satisfaction and payment of the note. The Florida appellate court held that the defendant "waived the protection of the dead man's statute both by having failed to object to the check when it was offered in evidence" at the summary judgment hearing and by having examined the plaintiff concerning communications and transactions between her and the defendant, when such questions were not within the scope of the plaintiff's testimony on direct examination. *Id.* at 721. Consequently, when the plaintiff testified concerning the check in question at the hearing on the defendant's summary judgment motion, and the check was offered and received in evidence without the defendant's objection that it violated the Dead Man's Statute, the defendant "waived the protection of the statute in all further proceedings of the cause." *Id.* at 722. Further, when the defendant proceeded to examine the plaintiff on cross-examination concerning transactions and communications of the plaintiff with the decedent, which were not covered on direct examination, for the purpose of impeachment and establishing an affirmative defense, the defendant again waived the protection of the Dead Man's Statute. *Id.*

Fed.R.Evid. 611(c) permits a party to call "an adverse party" as a witness and to interrogate him "by leading questions." When a party in a case, who bears a representative relationship to a decedent, calls an opposing party who has a legally recognized interest and questions that opponent concerning transactions or communications with the decedent, the questioning party, who is otherwise protected by the Dead Man's Statute, has waived the protection of the statute.

A party for whose benefit or protection the disqualification is erected, by calling and examining as a witness one who is incompetent to testify concerning transactions or conversations with the deceased, waives the incompetency of the witness with respect to matters concerning which he is examined and renders him competent as a witness against the examining party as to such matters. . . [and] his examination as to such a transaction is a waiver of the incompetency with respect thereto, and entitles him to bring out not merely that part concerning which he was first interrogated; but all the facts regarding the transaction. *Embrey v. Southern Gas and Elec. Corp.,* 63 So.2d at 263.

By calling an opposing party who is prohibited from testifying by the Dead Man's Statute about transactions or communications with the decedent, and then questioning the adverse party about those transactions or communications, the protected, questioning party's waiver of the statutory bar opens the door to, and permits, further testimony by the adverse party witness concerning all facets of the specific transaction or communication in question.

In *Disbro v. Boyce,* 124 So.2d 756 (3d D.C.A. Fla. 1960), the plaintiff was the administrator of the decedent, and the defendants were heirs who had joint accounts with the decedent, providing for the right of survivorship. The defendants-heirs had made disbursements from the joint account and the administrator sought judgment in the amount of money withdrawn and a

right to an accounting concerning the assets in the joint account. The administrator called the heirs as adverse party witnesses to testify about the creation of the account and the disposition of the money in the account both during and after the decedent's lifetime. The defendants, as heirs of the decedent, were clearly members of both classes of the Dead Man's Statute: they had an interest in the outcome of the litigation, and they also had a representative relationship with the decedent. *Id.* at 758–59. The Florida appellate court held that, by calling the adverse parties, and questioning them about the bank account, the administrator had waived his protection under the statute and there was no further bar to the defendants-heirs' testimony about the transaction or communication with the decedent. *Id.* at 759–60.

█ The Florida Supreme Court held similarly in *Small v. Shure*, 94 So.2d 371 (Fla.1957). The plaintiff-executor of the decedent's estate sued the defendant to recover $26,000.00 from three notes owed to the decedent by the defendant. The executor called the defendant as an adverse party witness and questioned him about the notes. When counsel for the defendant attempted to question the defendant further about the notes, on cross-examination, the trial court forbade such interrogation. The Supreme Court of Florida reversed, holding that when the plaintiff examined the defendant as an adverse party witness, in order to establish a prima facie case, "the incompetence of [the] defendant under the statute" concerning the promissory notes about which the plaintiff had inquired, was waived by the plaintiff. *Id.* at 375. The defendant then had a right to testify further, and fully, about those notes. *Id.*

> A party should not be allowed to make use of part of the possible testimony of a witness which is favorable to him, and to exclude the remainder which may be prejudicial. *Id.* at 374.

Finally, *In re Grants Estate*, 123 So.2d 560 (2d D.C.A. Fla. 1960), was a case where the plaintiffs called the defendant, who was executor of the decedent's estate, to testify as an adverse party witness. The controversy concerned the decedent's will which left all of the assets to her husband. The plaintiffs were siblings, and therefore collateral heirs, of the decedent. They were members of both the prohibited class and the protected class under the statute. By calling the defendant-executor as an adverse party witness, and questioning him about the communications and transactions at issue, the plaintiffs waived their protection under the statute. *Id.* at 562. That waiver rendered the executor competent to testify about the decedent's will. Nonetheless, the protection of the defendant-executor, under the statute, and the prohibition against the plaintiffs-heirs, remained unchanged. In a lawsuit where the plaintiff and a defendant are each members of both the protected and the precluded classes under the statute, one party's waiver of the protection and prohibition of the Dead Man's Statute does not automatically entail a reciprocal waiver by the other party. The party waiving the protection and bar of the statute against the other party is still himself precluded from testimony; and the party for whom the statutory privilege was waived retains his own protection and objection under the statute, against the testimony of the party who waived his own statutory privilege. *Id.*

█ These last three decisions control the Court's ruling in the present case. If, concerning the transactions and communications at issue in this case, plaintiff should introduce defendant's deposition into evidence, use it to support a summary judgment motion, or call defendant to testify as an adverse party witness, plaintiff will waive her protection under the Dead Man's Statute; and defendant will be free to testify fully about her version of those transactions and communications. Notwithstanding such a waiver by plaintiff, however, defendant would retain her own statutory protection against testimony by plaintiff, concerning the transactions and communications, and plaintiff would remain barred from such testimony, unless and until defendant should waive the statutory privilege. Plaintiff's motion to compel de-

fendant's answer to questions at deposition, therefore, must be granted, and it will be so ordered.