MANN, Chief Judge.
Mrs. Miller brought suit to foreclose an agreement for deed against property sold to appellants by her deceased husband. Appellants defended, asserting payment to the husband and further claiming that their receipt had been destroyed by a fire in Michigan.
At trial Mrs. Miller proffered her late husband’s receipt books as evidence of non-payment of the debt due under the agreement. Despite arguably insufficient proof of the records’ accuracy and completeness, the trial court admitted them into evidence over defense counsel’s objections.[1] Mrs. Edna McCoy, a friend of appellants’, testified that she had seen appellant Lorenzo Robinson pay Mr. Miller and get a receipt in return for payment. On direct examination Lorenzo Robinson testified generally as to the payment transaction. Plaintiff’s counsel did not object. In testing Robinson’s credibility on cross-examination, that plaintiff’s counsel elicited information concerning the payment transaction and other transactions between Robinson and the deceased.
When appellants’ attorney attempted to delve further into the transaction on re-direct, plaintiff objected on the basis of the Florida Dead Man’s Statute, Fla.Stat. 90.-05, F.S.A. (1973). The trial court sustained the objection after finding that no waiver of the statute’s protection had occurred.
By failing to object to Robinson’s incompetent testimony and subsequently cross-examining him concerning the pay *59 ment transaction, Mrs. Miller waived the protection of the Dead Man’s Statute. Rich v. Hunter, 135 Fla. 309, 185 So. 141 (1938); Boling v. Barnes, Fla.App.2d 1968, 216 So.2d 804; Sessions v. Summers, Fla.App.1st 1965, 177 So.2d 720. Since multiple defendants are involved, the waiver of the statute’s protection should apply equally to each. See Annotation, 33 A.L.R.2d 1440. Moreover, it would be applicable to subsequent proceedings in this case. See, Boling, supra. Accordingly, the judgment is reversed and remanded for a new trial.
BOARDMAN and GRIMES, JJ., concur.

. The reliability of these records is not in issue on this appeal.