MOORE, Judge.
This is an appeal from a final judgment entered pursuant to a directed verdict.[1] The parties will be referred to as they appeared before the trial court.
In a non-jury trial, the plaintiff-appellant sought recovery of certain monies and jewelry (or damages) from his stepdaughter, the defendant-appellee. The plaintiff married his deceased wife after the execution of an antenuptial agreement. Subsequent to her demise, he discovered that many items of jewelry and funds from their joint accounts were missing and he instituted suit against his stepdaughter, claiming that she had conspired with her mother to fraudulently divert plaintiff’s money and property to herself.
*519 Although the plaintiff well may have established a prima facie case precluding the entry of an involuntary dismissal, we find it unnecessary to address this issue due to our conclusion on the applicability of Section 90.05, Florida Statutes (1977)[2], popularly known as the “Dead Man’s Statute”. During the trial, the plaintiff attempted to call the defendant as an adverse witness. Objections to her testimony by her counsel were sustained on the basis of the Dead Man’s Statute, thus precluding her vital evidence from consideration by the court. We consider this ruling to exceed the prohibition of Section 90.05 and, therefore error.
Perhaps the most succinct statement of the purpose of the Dead Man’s Statute is found in Traurig v. Spear, 102 So.2d 165 (Fla.3rd DCA 1958), wherein the Court said:
“ . . . The purpose of the statute is to prevent the surviving party or parties from having the benefit of his or their own testimony, where, by reason of the death of the adversary his representative is deprived of the decedent’s version of the transaction or statement . . . .”
In the instant case, there is no claim against the decedent or her estate. The witness whose testimony is sought has no interest adverse to the decedent’s estate. The effect of the court’s ruling, therefore, was to prevent the plaintiff from proving the amounts of money and jewelry which were allegedly surreptitiously funneled to the defendant. This is not a case where a party is seeking to utilize his or her own testimony which cannot be rebutted by the decedent, but is rather a case where a party is called as an adverse witness to give testimony adverse to her own interests, not against the interests of the survivor of the decedent.
The legislative intent in passing the Dead Man’s Statute was to provide a shield when, by reason of death, a party to a transaction is prevented from testifying. It is not to provide a privilege akin to the privilege against self incrimination. As the Court stated in Ehmke v. Hill, 236 Minn. 60, 51 N.W.2d 811 (1952), and adopted by our sister Court in Disbro v. Boyce, 124 So.2d 756 (Fla.3rd DCA 1960):
“ . . Without question, the legislative purpose was only to seal the lips of those whose personal and immediate interest in the issue litigated might tempt them to give false testimony of a self-serving nature. Where a witness testifies adversely to his own interest, all motive for a self-serving falsification is absent, and no statutory purpose is served by excluding his testimony. It follows that, pursuant to a fair and reasonable construction of the dead man’s statute, § 595.04, to accomplish its entire purpose as intended by the legislature, any person, whether he be a party to the action or not, and even though he has some pecuniary, legal, certain, and immediate interest in the event of the action with respect to the issue to which his testimony relates, is competent to testify when his testimony is adverse to his own interest.” (emphasis supplied by 3rd DCA).
We feel the defendant was a competent witness to testify regarding transactions she had with the deceased under the circumstances of the instant case. Considering her testimony, there is no doubt that a factual dispute existed in the presentation of the plaintiff’s case and the entry of an involuntary dismissal was therefore error. We reverse and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD, J. and DWIGHT L. GEIGER, Associate Judge, concur.

. The use of the term “directed verdict” is improper and we will consider the matter one of involuntary dismissal pursuant to Fla.R. Civ.P. 1.420(b).

. The pertinent portions of § 90.05 Fla.Stat. (1977) for purposes of this appeal are: “No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the a'ction or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, . shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, against the . survivor of such deceased person, . . (Emphasis ours).