## IN RE: The Estate of FRANCES E. CARTER IRELAND
## WOODFIN v ADKINS
Probate No. 85-1026 CP

Fifteenth Judicial Circuit, Palm Beach County

October 20, 1986

### APPEARANCES OF COUNSEL

**Edwin D. McDonald** for personal representative.

**Frederick C. Heidgerd, Heidgerd & Martin, P.A.,** for petitioner, Kay Woodfin.

**John L. O'Brien** for David Ireland, Jr.

EDWARD RODGERS, Circuit Judge.

*FINAL JUDGMENT*

ADVERSARY PROCEEDING: Petition For Probate of Testamentary Instrument

This case was tried before the Court on October 8, 1986. Pre-Trial Motions were also before the Court. The Court heard the testimony of the witnesses, observed their demeanor, reviewed the documentary evidence, heard argument of counsel, and has read the Memoranda of Law submitted by the parties. Upon the foregoing, the Court finds as follows:

1. Entered into evidence was a Last Will and Testament of the decedent, executed under date of December 15, 1977. The Court heard the testimony of attorney Robert Fellows, a probate practitioner, who is the drafter of such Will. Mr. Fellows testified, and the Court so finds, that attorney Fellows instructed the decedent as to her ability to prepare a separate writing pursuant to § 732.515, Fla. Stat., the execution requirements of such separate writing, that it was to be made in writing, and that it designate the devisees and items to be devised with reasonable clarity. Article Third of the 1977 Will specifically referenced a "separate writing" in accordance with these instructions.

2. The Court also heard the testimony of the decedent's surviving spouse, David B. Ireland, Jr., who is determined to be a credible witness after the Court has observed his demeanor, the truthfulness of his testimony, and the forthrightness of his answers to the Court's questions.

3. The Court finds that the said David B. Ireland, Jr., testified adverse to his interest as a residuary beneficiary under the Will, and specifically finds that his pecuniary interest as well as legal rights have been prejudiced by his testimony adverse to his interest thus permitting his testimony as to oral communications with the decedent despite the provisions of § 90.602, Fla. Stat., commonly known as the Deadman's Statute. *Heebner v. Summerlin*, 372 So. 2d 518 (4th DCA, Fla. 1979). The Court has permitted such testimony over the objection of the Respondent as the Court finds Mr. Ireland a competent witness under the circumstances of this case and that his testimony would not be violative of the legislative purpose of the Deadman's Statute to prevent self-serving testimony.

4. Entered into evidence also was a Last Will and Testament of the decedent dated July 23, 1982. This Will was drafted by Edwin McDonald. Within three (3) days thereafter, the decedent, in the presence of her husband, David B. Ireland, Jr., executed the separate writing which was deposited with this Court on March 11, 1986, and which is sought by Petitioner to be probated in this action. This "separate writing" was prepared by the decedent with much thought and over a period of some two to three days, with extended discussion with the decedent's husband, and was delivered to Mr. Ireland for disposition of the items upon the decedent's death in accordance with the instructions and devises set forth in such document. Based upon the totality of the circumstances surrounding such document, the Court finds that there was clear testamentary intent upon the part of the decedent to have the items distributed in accordance with the provisions of the separate writing, and that she understood that the separate writing she was preparing would be valid under the Will of July 23, 1982, and this testamentary intent continued even after the subsequently executed Will of December 17, 1982, already probated herein. The decedent discussed the separate writing with her husband both before and after the December 17, 1982, Will and never revoked or cancelled the document or her instructions as to the disposition of the property and the writing.

5. To receive the above described testimony as to matters dehors the Last Will and Testament, the Court must find an ambiguity to permit such testimony as to testamentary intent of the testatrix. Article IV of the probate Last Will and Testament provides as follows:

## ARTICLE IV

All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this will, including all lapsed legacies and devises, and including *all property* which I have a power of appointment *and which I have not otherwise exercised or directed in writing*, I devise as follows: (emphasis added)

The Petitioner has alleged that the referenced language creates an ambiguity by the exclusion of the property "otherwise exercised or directed in writing" from the residuary devise and is a "reference" to a separate writing from § 732.515, Fla. Stat. The Respondent, on the other hand, argues that the phrase "and which I have not otherwise exercised or directed in writing" refers to the "power of appointment".

58

Seeking the guiding light of the intent of the testatrix, the Court finds that a layperson such as the decedent could have determined that the "in writing" phrase could be construed to refer to the separate writing which, in this instance, the testatrix prepared with the instructions that she had previously received from the lawyer who drafted her 1977 Will. She had prepared earlier "separate writings" prior to the one in issue herein. She clearly intended this writing to be followed in the administration of her estate. There are additionally no other personal property distributive provisions in the Will which is contrary to her expressed intent as given to her husband at the time of the execution of the separate writing on or about July 26, 1982, which seems unusual given the amount of personal property referenced in the separate writing itself and her expressed desires to devise such properties to the intended devisees.

6. Based on the evidence and testimony before the Court, the Court further finds that the separate writing of July 26, 1982, was a testamentary instrument as defined under the definition of "Will" set forth in § 731.201(35), Fla. Stat., as the separate writing was executed as prescribed by the Code, and specifically the provisions of § 732.515, Fla. Stat., the separate writing statute. The Court specifically rejects Respondent's argument that the execution and formality requirements of § 732.502, Fla. Stat., are required for a separate writing as such contention is contrary to the execution provisions of the separate writing statute; and further finds no merit to the argument of Respondent that the subsequent will of December 17, 1982, revoking all prior Wills and Codicils would revoke the separate writing. This flies in the face of the express language set forth in § 732.515, Fla. Stat., which permits a separate writing to be executed *before or after* the execution of the will".

The Court finds that the claims statute § 733.212, Fla. Stat., does not bar Petitioner's relief sought herein. The separate writing was not deposited with this Court until March 11, 1986. There has not been any question as to the timeliness of the Petitioner's Petition for Probate subsequent to such filing, but Respondent rather relies upon the three-month limitation under the Notice of Administration which was served by formal notice upon the beneficiaries, including Petitioner, pursuant to § 732.212, Fla. Stat. The separate writing was in the possession of the Personal Representative and his attorney from some two weeks after the decedent's death until its filing on March 11, 1986. It was, however, unknown to the other beneficiaries until a time subsequent to the claims period. Any beneficiary could only have known from a review of the file of the probate Will and Codicil and not of the

**59**

separate writing from a review of the Petition for Administration and the Will filing with the Clerk of this Court. The Court finds that the Petition for Probate of Testamentary Instrument is timely and properly before this Court.

The Court notes that it is the Court's duty to effectuate the testatrix' intent subject to the requirements of the Probate Code applicable thereto and the Rules of Probate and Guardianship Procedure. In this instance, the Court finds the testamentary intent so clear that with this polestar of inquiry, the Court has no trouble in giving substance to her desires by having distribution in accordance with the separate writing submitted by Petitioner for probate herein.

Based upon the foregoing findings, the Court determines as a matter of law as follows:

A. Respondent's Motion for Judgment on the Pleadings is denied.

B. Petitioner's Motion to Strike Witness, Edwin McDonald, or, in the alternative, Motion in Limine, is moot upon the voluntary withdrawal by Respondent of attorney McDonald as a witness.

C. Petitioner, KAY WOODFIN'S, Petition for Probate of Testamentary Instrument be and it is hereby granted. The instrument presented to this Court as the separate writing of Francis Carter Ireland, Deceased, having been executed in conformity with law and submitted for probate by Petition of beneficiary, Kay Woodfin, and the Court determining that the document is properly before this Court for administration in accordance with law and the rules applicable thereto, it is further ADJUDGED that the separate writing bearing date of July 26, 1982, deposited with this Court by attorney Edwin McDonald on March 11, 1986, is admitted to probate according to law as and for a Will of the decedent.

D. The Personal Representative be and he is hereby Ordered to administer the separate writing in accordance with law for distribution and administration in accordance with the law and rules applicable thereto.

E. Jurisdiction is retained as to properly awardable costs and fees.

DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of October, 1986.